No. 3972

Second Circuit

———

HORN v. LOUISIANA HIGHWAY COM-
MISSION ET AL.

———

(July 14, 1931. Opinion and Decree.)

———

Cas Moss, of Winnfield, attorney for
plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney
for defendants, appellants.

DREW, J. Plaintiff sued for compensa-
tion in the amount of $15.60 per week for
a period not to exceed four hundred weeks,
alleging that he was in the employ of the
Louisiana Highway Commission, and while
doing the work he was employed to do,
that is digging a ditch, that the ditch
caved in on him and permanently injured
him. The ditch was nine feet, six inches
deep and about three feet wide when it
caved in, burying the plaintiff all but his
face. He was confined to his bed for
about one month and continued under the
care of his doctor up to time of trial. He
claims to be totally permanently injured
and unable to perform any labor of a rea-
sonable character. The defendant admits
the accident and the injury at the time
and the only contest in this suit is over
the extent of the injury received by plain-
tiff. The injury was received by plaintiff
on December 2, 1928. The case was tried
in the lower court and judgment rendered
October 28, 1930, awarding the plaintiff
compensation for total disability for a pe-
riod of fifty-two weeks. Defendant has ap-
pealed and plaintiff has answered the ap-
peal, praying that the judgment be amend-
ed by increasing the number of weeks
not to exceed four hundred.

The principal defense made is that plain-
tiff is a malingerer and was fully recov-
ered long before the trial in the lower
court. The lower court found to the con-
trary, holding that plaintiff was totally
disabled at the time of trial and for rea-
sons not disclosed by the record as made
up awarded him compensation for a period

of fifty-two weeks, beginning on the date of accident.

The lower court undoubtedly must have had some testimony on which to base the period of compensation allowed by it. If the plaintiff was totally disabled at the time of trial as found by the lower court, without any evidence to show with some degree of certainty that he would fully recover at some definite future period, the judgment should have been for a period not to exceed four hundred weeks. We say this for the reason that the record of the testimony is in very bad shape. As an example of the kind of record made of the testimony we quote the following taken from it: "Upper part of_____"; "in the ligament or cap_____"; "(Witness explains to Court)"; "(Doctor explains to Court)". Such a transcript of the testimony means nothing to this court.

It is the rule of the court when the record is incomplete to assume that the lower court based its judgment on sufficient evidence and affirm the judgment. However, in compensation cases all rules of procedure and of trial are not strictly followed, and in this case where both appellant and appellee are asking that the judgment be changed, we feel that in fairness the case should be remanded for a new trial in order that the record of testimony may be complete and for the further reason of hearing testimony more definite as to the extent of the injury and the earning power of plaintiff, if any.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be set aside and the case remanded for a new trial in accordance with the views expressed herein; costs to abide the final determination of the case.