## BEARMAN v. FULLER CONST. CO., Inc.
### No. 14587.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Richard A. Dowling, of New Orleans, for appellant.

Gibbons, Burke, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit to recover compensation for permanent total disability. Defendant admits that the plaintiff sustained an injury for which he had been paid six weeks' compensation, but denies that his present disability resulted from the accident, and avers that he is afflicted with a disease known as "scoliosis."

There was judgment dismissing the suit, and plaintiff has appealed.

After the case was argued in this court, counsel for plaintiff filed a motion to remand the case for the purpose of introducing evidence tending to show the circumstances surrounding the accident and lay testimony as to the condition of the plaintiff's health prior to the alleged injury.

When the case was tried on its merits, counsel representing the parties agreed to the following stipulation of fact:

"It was admitted by and between counsel that Edward W. Bearman was employed by the Fuller Construction Company as a cement finisher and was receiving $43.00 per week and he was injured while so employed on the 28th day of April, 1932, and he was paid compensation for six weeks, approximately, at the rate of $20.00 a week and the accident occurred, arose out of and during the course of his employment."

Plaintiff then introduced the testimony of two doctors, who stated that from two X-ray pictures that they had made it was their opinion that the plaintiff's present disability was due to trauma. The defendant offered the testimony of three doctors, who also testified from skiagraphs, and they said that in their opinion the plaintiff was suffering from a disease called "scoliosis" with hypertrophic changes causing a curvature of the spine; and that this condition was in no way attributable to the accident.

The medical testimony is hopelessly irreconcilable, and there is nothing in it which would incline us to accept the opinion of one set of doctors over the other, except perhaps that there were three doctors who testified for the defendant, whereas there were only two who testified for the plaintiff. It seems to us that there must be some definite way for the medical profession to ascertain with some degree of certainty whether or not the plaintiff is suffering from fractures of the vertebra or scoliosis. We have observed that in compensation cases where there has been a marked difference of opinion among the doctors who gave expert testimony, the trial judge has, in many instances, appointed an expert to examine the claimant and in this way helped to clarify the matter.

It is obvious that the agreed statement of fact is most meager and vague and in no way assists the court in determining the controverted point because the facts and circumstances surrounding the alleged injury are not given. Furthermore, there is no lay testimony in the record as to the previous condition of plaintiff's health or that he was suffering from a curvature of the spine or any other deformity. Such evidence would be of assistance to the court in determining the question presented particularly where the medical testimony is in conflict. Sherwood v. Ticheli, 10 La. App. 280, 120 So. 107; Rogers v. Union Indemnity Co. (La. App.) 146 So. 505, 506.

As this is a compensation case and the record shows that the case was not fully and completely tried, we believe it in the interest of justice to remand the case for the purpose of receiving such additional testimony as would be relevant to the issue presented.

For the reasons assigned it is ordered that the judgment appealed from be, and it is, reversed, and it is now ordered that this case be remanded to the civil district court for the taking of testimony according to law and not inconsistent with the views herein expressed.

Reversed and remanded.