## DESADIER v. CENTRAL LUMBER CO.

### No. 5433.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1937.

D. J. Hyams, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

HAMITER, Judge.

The provisions of the Louisiana Employers' Liability Act (Act No. 20 of 1914, as amended) are invoked by plaintiff in this case.

The petition recites that defendant owns and operates a sawmill in or near the city of Natchitoches and is engaged in manufacturing lumber; that on April 27, 1936, while in the employ of defendant at a daily wage of $1.50, plaintiff came in contact with a certain liquid used by defendant in the preparation of lumber for the market, and received burns about the face, hands, body, and feet; that his entire system and blood stream are poisoned from the effects of the solution and that his body is burdened with ulcers produced by said poison; and that the accident and injury resulting therefrom have completely disabled him from performing work of any character. Compensation payments of $5.82 per week for a period of 300 weeks, together with medical expenses, are prayed for.

Defendant's answer is in effect a general denial of the allegations of the petition.

The district court, after a trial on the merits, awarded compensation to plaintiff of $1.87 per week for a period of 100 weeks, and granted a further judgment for $25, which covered medical expenses and expert witnesses' fees. Defendant then appealed to this court. Plaintiff has answered the appeal, asking that the award be substantially increased.

In connection with its mill activities, defendant maintained a vat or trough possessing the approximate dimensions of two and one-half feet wide, one foot deep and eighteen feet long. This was used for holding a solution prepared by dissolving a certain powder in a quantity of water. The recommended mixture for defendant's use was eight pounds of the powder to each one hundred gallons of water. Into the solution contained in the vat was placed the manufactured lumber, the purpose being to prevent sap stain thereon.

Plaintiff's employment with defendant company began on March 17, 1936, and

endured for a period of approximately seven weeks. He worked at irregular intervals, however, because the mill was not in continuous operation. When it was running, plaintiff's duties were to straddle the vat and reach down and remove the lumber from the solution.

While in the conduct of his duties on April 27, 1936, blisters formed on his hands. He immediately ceased his labors, and, without defendant's knowledge, consulted Dr. Phelps, the coroner of Natchitoches parish, from whom he received about three treatments. Subsequently, he went to and received treatments from Dr. R. S. Roy. About thirty days after he quit work, sores appeared on his feet. At the time of trial, which was on July 29, 1936, they still existed on one foot.

The transcript of testimony in this case, with reference to the cause, extent, and duration of plaintiff's disability, is not in such a satisfactory condition as it might be, and in our opinion is insufficient for the rendering of a proper judgment between the parties. The occurrence of the blisters on claimant's hands at the time when he was performing the duties of his employment tends to indicate, but does not conclusively prove, that they were caused by the solution. Neither Dr. Phelps nor Dr. Roy gave testimony in the case. A statement appears in the record to the effect that the latter physician would have testified, if he had been present at the trial, that plaintiff was treated by him for athlete's foot. It does not disclose his opinion with reference to the cause of the hand injuries. The only medical testimony furnished is that of Dr. Reed. He examined plaintiff's feet on the day of trial and also about ten days or two weeks prior thereto, but was unable to say whether or not those injuries were produced by the solution.

Because of the insufficiency of the evidence herein, and as this is a compensation suit in which neither appellee nor appellant is satisfied with the trial court's judgment, we believe that in the interest of justice and fairness the case should be remanded for the purpose of receiving additional testimony and making the record more satisfactory, especially with reference to the cause, extent and duration of the disability in question. This position is sustained by ample authority, and particularly by the cases of Horn v. Louisiana Highway Commission, 17 La.App. 238, 135 So. 711, and Bearman v. Fuller Construction Co., Inc. (La.App.) 148 So. 720.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed and set aside, and the case is now remanded for a new trial in accordance with the views herein expressed. All costs shall abide the final determination of the case.