### TWIBILL & EDWARDS v. J. & H. PERKINS.

In an action for the price of a thing sold, it is no defence that the buyer lacked the skill to discover an apparent defect.

APPEAL from the District Court, Seventh District, Parish of West Feliciana, Stirling, J. *Brewer & Collins*, for plaintiffs and appellants. *U. B. & E. Phillips*, for defendants.

Rost, J. ( *Slidell*, J., dissenting.) The defendants, being sued upon a balance due upon their promissory notes, have pleaded the general issue, and a partial failure of consideration. They allege that a portion of the consideration of said notes was a quantity of sugar moulds, purchased by them of the plaintiffs, and that said moulds wholly failed to answer the purpose for which they were intended, and were worth one dollar per mould less than the price charged.

The District Judge was of opinion, that there was a partial failure of consideration, and the plaintiffs have appealed from the judgment reducing their claim by reason thereof.

The only serious objection made to the moulds, is the thinness of the iron used. This was an apparent defect, which, the plaintiffs' own witness states, a person, accustomed to using moulds, would discover without having to use them; he would tell by handling them, and could tell the moment he put his hand on them. Another of the plaintiffs' witnesses says, that they could be distinguished from the other moulds, in the refinery, by any person.

In connection with this evidence it is shown, that the moulds were shipped to the defendants in lots, as they were made, during a period of several months. And that, after receiving the first shipment, the defendants instructed the plaintiffs to increase the largest size, but did not require of them to use heavier material—that while they were receiving those moulds, and subsequently, they made with the plaintiffs several settlements, in which they gave their notes in payment of the moulds, at the prices agreed upon, without making any objection or reservation. It has been urged in their behalf, that they were but little acquainted with the use of sugar moulds at the time, and, consequently that the defects were not apparent to them, though they might have been to other persons.

It being shown that the defect complained of, if it really existed, which is doubtful, was apparent, the want of ordinary skill of the defendants cannot avail them. Even when the buyer does not know, or cannot see, an apparent defect, he is not entitled to a rescision of the sale; because, if he is disabled, or has not sufficient skill himself, he must cause an examination to be made by a competent person before purchasing. Pothier, *Contrat de la Vente*, Section 208.

In conformity with this theory, it has been held by the Royal Court of Paris, that a purchaser of pictures cannot claim the nullity of the sale, because the pictures are not by the painter whose name they bear. *Troplong*, who quotes the case with approbation, says, that the quality, which the reputation and talent of the painter gives to the picture, is not a concealed defect. Connoisseurs can discover it and distinguish the manner of each painter. They have positive data by which to classify the different schools, and the purchaser, by surrounding himself with their lights, might have avoided the error into which he fell, as to the merit of the thing purchased. Troplong, *De la Vente*, No. 555.

The defendants, carrying on a sugar refinery, are liable *in solido* as commercial partners.

It is ordered, that the judgment, in this case, be reversed, and proceeding to give such a judgment as the Court below should have rendered, it is ordered, that the plaintiffs recover of the said defendants, *in solido*, the sum of three

thousand, five hundred and fifty-one dollars and seventy-nine cents, with interest, at the rate of five per cent. per annum, from the 28th day of October, 1851, on the sum of twenty eight hundred and eight dollars and seventy-one cents—and from the 25th day of November, 1851, on the remaining sum of seven hundred and forty three dollars and three cents.

It is further ordered, that the plaintiffs recover three dollars, costs of protest, and that the defendants pay costs, in both Courts.