BRUNOT, J.
 

 Plaintiff’s suit is for the price of coal and the transportation charges thereon, which was sold and delivered to defendants during the year 1921.
 

 The sale, delivery, and price of the coal is not disputed, but plaintiff alleges that Sundbery & Winkler are a commercial partnership, and are therefore liable, in solido, for the debts and obligations of the firm. The answer of defendants denies the existence of a commercial partnership, but admits the individual liability of each defendant for one-half of plaintiff’s claim.
 

 Prom a judgment rendered against the defendants, in solido, they have appealed.
 

 Plaintiff has answered the appeal and asks this court to affirm the judgment of the lower court, to award plaintiff 10 per cent, of the amount of the judgment as damages, and an additional 10 per cent, of the amount of the judgment, under the provisions of article 907 of the Code of Practice.
 

 Two questions are presented: (1) Has the ordinary partnership of Sundbery & Winkler engaged in business of such a character as to change its status from an ordinary to a commercial partnership, and thereby render the partners liable, in solido, for the obligations of the concern? (2) Whether defendants should be mulct in damage for appealing from a judgment holding them liable in solido.
 

 The character of the partnership must be determined by the nature of the business it conducts. The defendants owned and operated Himelaya plantation and a sugar factory situated thereon. In this factory they ground the cane from the Himelaya plantation, from Sundbery’s Rosedale plantation, and from Winkler's Sweet Home plantation. They also went into the market and purchased many tons of cane from small growers, which they ground into sugar and sold for their account. The larger portion of their purchases of cane were from growers in Brusly, Labadie, and from tenants on Himelaya.
 

 In refusing to review a judgment of the Court of Appeal, First Circuit, in the case of Thibodeaux Boiler Works v. Sundbery & Winkler, No. 26461 of the docket of this court, we virtually affirmed the doctrine that “a firm that buys sugar cane from various planters, manufactures it into sugar, syrup, and molasses, and sells such products for its account or profit, is a commercial partnership.”
 

 If a partnership engages partly in commercial and partly in noncommercial business, it will, under this ruling, be held to bo
 
 *389
 
 a commercial partnership, and the partners will be liable, in solido, for all of its obligations, unless the partners segregate the commercial from the noncommercial business.
 

 When the appeal is not frivolous, as when appellant’s error is honest, damages are not allowed. Thomas v. Guilbeau, 35 La. Ann. 929.
 

 In this case the correctness of the account is not disputed. Defendants contend that they are liable as ordinary partners, while plaintiff contends that they are liable, in solido, as a commercial partnership. This record presents a question which has been decided by the Court of Appeal of the First Circuit, but it has never been directly decided by this court. Under these circumstances it cannot he successfully contended that the appeal, in this case, is frivolous. It is therefore apparent that plaintiff cannot recover damages for the appeal.
 

 For these reasons, plaintiff’s demands in this court are rejected, and the judgment appealed from is affirmed, at appellants’ cost.