No. 3476

Second Circuit

BLACKMAN v. HOPE ENGINEERING & SUPPLY CO. ET AL.

(March 12, 1929. Opinion and Decree.)

Vernis Morgan and George T. Naff, of Shreveport, attorneys for plaintiff, appellee.

J. S. Atkinson, Alex F. Smith, and Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendants, appellants.

WEBB, J. This is an action for compensation under the Employers' Liability Act (Act No. 20 of 1914).

Plaintiff alleged that, while employed by the Hope Engineering Company (which was constructing a pipe line for the Dixie Gulf Gas Company), he sustained an accident arising in the course and out of his employment which had permanently totally disabled him to do work of any reasonable character, and he prayed for judgment accordingly against the Hope Engineering & Supply Company and the Dixie Gulf Gas Company, and the defendants in answer admitted that the construction of the pipe line had been as alleged, and otherwise pleaded a general denial, and the Dixie Gulf Gas Company also pleaded its contract with the Hope Engineering & Supply Company and that, in event of any judgment being rendered against it, there should be like judgment rendered in its favor against the Hope Engineering & Supply Company.

On trial, judgment was rendered in favor of the plaintiff against the defendants in solido for compensation at the rate of $18.20 per week for the period of disability, not exceeding 400 weeks, and a like judgment in favor of the Dixie Gulf Gas Company against the Hope Engineering & Supply Company and both defendants appealed.

There is not any complaint of the finding of the court as to the wages of plaintiff on which the weekly payments of compensation were based, but the sole contention is that the evidence did not establish that the injury sustained in the accident was the cause of disability.

The evidence established that plaintiff had been able to do laborious manual work prior to the accident, and that, at the time of the accident, which immediately disabled him, he felt a severe pain in his back, and there is not any evidence in conflict with plaintiff's testimony that his back had been sore since the time of the accident and that he had been unable to do any work since that time, where any strain was placed upon his back, without suffering severe pain, and his statement as to his inability to do any work at the time of the trial, which took place about ten months after the accident, is supported by the opinion of physicians who had examined plaintiff, but their opinion was based upon conditions found to exist at that time, which were that plaintiff had a slight sacroiliac sprain and that there was a condition of arthritis of the lumbar spine and sacroiliac joint; their opinion being that the condition of arthritis was the principal cause of disability.

The physicians did not express a positive, unequivocal opinion that the condition of plaintiff was the result of the accident, but, considering the fact of the plaintiff having been immediately disabled at the time of the accident, and his statement that he had at that time experienced a severe pain in his back, they were of the opinion that the condition was the result of the accident, as it was established that the injury or strain could have produced the condition, although as to the condition of arthritis it was admitted that it may have resulted from infection, as from infection thrown into the system from diseased teeth or gums, and, the physicians being unable to state positively that the condition of arthritis resulted from the accident, it is contended that plaintiff failed to establish his case.

In compensation cases it is immaterial whether the continued disability directly resulted from the injury or from a condition resulting from the injury, or whether the injury was the sole cause or merely a contributing cause; and, it being established, as stated, that plaintiff was able to work before the accident, and that at the time of the accident which disabled him he felt a severe strain, and that his back had been sore since that time, and that he had been unable to work, we think it is logical to conclude that the accident caused the continuous disability; and, conceding that the continuity of disability was due to the condition found by the physicians, yet, under the evidence that the strain experienced by plaintiff was sufficient to have caused the condition we are of the opinion that such evidence is sufficient, when considered with the fact that the disability was continuous, to warrant a finding that the condition was the result of the accident.

The judgment is therefore affirmed.