No. 4017

Second Circuit
(Second Division)

ANDERSON v. LOUISIANA OIL REFG.
CORP.

(May 7, 1931. Opinion and Decree.)

William C. Boone, of Homer, attorney for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. Plaintiff instituted this suit against defendant to recover compensation for 400 weeks at the rate of $20 per week, and for $250 for physicians' and hospital bills and medical expenses, etc.

It is alleged by plaintiff that on or about February 27, 1930, while in the employ of defendant as an ordinary laborer or "roustabout" and while performing duties and services arising out of and incident to said employment, he was so seriously and permanently injured that he is now, and will forever be, incapacitated to do any work or labor of reasonable character whatsoever; that he was injured in the act of cranking an "idler" or belt tightener of a power plant of defendant in the oil field of Claiborne parish; that while in the act of manipulating by physical power the lever or crank by which the idler is set in motion he dislocated several joints of his backbone; wrenched his back and spine, twisted, sprained, and strained his hips and pelvic bones, and in other respects sustained serious injury in and about the lumbar region of his body, including, possibly, traumatic arthritis of the left sacroiliac joint; all of which injuries have caused his back and body to be drawn and twisted, accompanied by much pain and anguish.

Plaintiff alleges that at the time of said injury he was working seven days of the week and receiving $4.50 per day for his labor.

Defendant's answer to the suit is a general denial, save an admission that plaintiff was working for it at the time and receiving wages as alleged by him. Its contention is that plaintiff is not suffering from an injury resulting from an accident arising out of and in the course of his employment.

There was judgment for plaintiff for the entire amount sued for.

The evidence shows that on February 27, 1930, plaintiff and three others, constituting a working squad, was engaged in repairing a belt of a power plant of defendant, and that plaintiff was cranking the "idler" or belt tightener, which required considerable physical effort if done in the manner he was doing it at the time; that to manipulate this mechanism, as was being done, it is necessary for the operator to assume a stooping position, such as is done in cranking an automobile; that after the "idler" had made one or two revolutions plaintiff stood erect, stating that he had hurt himself, and immediately retired from the scene.

Plaintiff admits that after the accident he went to his home for dinner and returned to his work for the evening, and that he continued to do light work for defendant for several days thereafter. Defendant's records show that plaintiff worked, and received pay, for the period from March 1st to March 28th, inclusive, and for the last three days of April; at which time he was laid off because of an order to reduce the working force. He did not report his injury to his foreman, Mr. Barnes, until after March 25th. He was then taken by this foreman to see defendant's physician, Dr. Campbell, in Homer.

Prior to February 27th plaintiff was a strong, robust, vigorous man, able to perform the heavy work exacted of a laborer in the oil fields, and very soon, if not immediately, thereafter a change in his physical condition developed, causing him to become stooped and to walk irregularly and to one side. He is thirty-two years old. He testified that after the injury on February 27th his physical condition began to decline until his body became twisted and stooped, making it virtually impossible for him to stand erect or to reach to the ground without considerable effort accompanied by severe pain. There is very little evidence in the record to traverse this statement, but there is considerable corroborative testimony to support it. He consulted several physicians about his condition, some of whom treated him, without beneficial results, and, on the advice of one or more of them, he had two teeth extracted and his tonsils removed, but without any noticeable relief.

Ten physicians, some of whom are X-ray experts, and all of whom at different times examined plaintiff physically, testified on the trial of the case; six on behalf of plaintiff and four for defendant. In some respects there is difference of opinion between some of these doctors, but a majority of them agree as to plaintiff's trouble. All who expressed an opinion stated that plaintiff's condition had become worse for not having received proper treatment immediately after the accident; that a strain of the sacroiliac joint usually should be cured within a month or two, if properly treated and the patient made to rest; that plaintiff's condition at the date of the trial was such that he could not perform manual labor. All but one of these physicians gave the opinion that plaintiff's case was not hopeless and that he should recover if he would submit to treatment by competent physicians.

The superior weight of the testimony of these physicians establishes that plaintiff has suffered a strain of the sacroiliac joint; that infection set up after this strain, and complications arose in that region of the body, prolonging the disease and rendering plaintiff's condition worse; that this strain could have been caused by the physical effort plaintiff exerted in the manner and at the time he claims to have been injured.

Defendant's counsel contend that plaintiff has not discharged the burden of proof required of him; and that the evidence does not establish that the injury to plaintiff was the result of accident arising out of and in the course of his employment to defendant.

We are of the opinion that the evidence does establish with legal certainty that plaintiff's condition is traceable to a strain sustained by him on February 27, 1930, while in the employ of defendant. His co-laborers corroborate his evidence as to what was said and done at the time he claims to have been hurt. He alone could give evidence as to any disturbance or rupture within his body at the time as a result of the physical strain upon him. It is not shown that any serious injury befell plaintiff prior to the date of the alleged accident to him, nor is it shown that he was injured in any manner after that time. It is shown conclusively that at the date of the alleged accident he was a very strong, vigorous man, and that immediately thereafter he began to decline physically.

It is probably true that plaintiff's continued disability has been contributed to by diseases independent of, or possibly connected with, the original injury, causing prolongation of the ailment and slowness of recovery. However, even if such be true, the right to recover compensation would not be unfavorably affected thereby.

It is not necessary, in order to recover under the Employers' Liability Act, that the continued disability directly resulted from the injury. It is sufficient if the disability be the result of a condition arising from the injury, or that the injury be a contributing cause of the disability.

The case of Blackman v. Hope Engineering & Supply Co., 11 La. App. 92, 120 So. 682, is almost identical with the case at bar as to the facts.

The syllabus of that case, in part, reads:

"In compensation case under Employers' Liability Act (Act No. 20 of 1914), it is immaterial whether employee's continued disability directly resulted from the injury or from a condition resulting from the injury, or whether the injury was the sole cause, or merely a contributing cause."

The district judge resolved the issue of fact in the case in favor of plaintiff, and after a careful study of the evidence we are of the opinion he decided correctly.

Plaintiff has asked us to hold that this appeal is frivolous and to penalize defendant therefor.

When the evidence is conflicting, and only questions of fact are involved, damages will not be allowed; nor will damages be allowed unless appeal is clearly for delay and appellant has no faith in the merits of his case.

Austin v. Moore, 16 La. Ann. 218; Silberberg v. Kalil, 159 La. 560, 105 So. 620; Southern Coal Co. v. Sundberry, 158 La. 386, 104 So. 124.

For the reasons herein assigned, the judgment appealed from is affirmed.