BARROW v. UNITY INDUSTRIAL LIFE INS. CO.

(January 11, 1932.  Opinion and Decree.)

Nathan H. Feitel, of New Orleans, attorney for plaintiff, appellee.

Loys Charbonnet, of New Orleans, attorney for defendant, appellant.

HIGGINS, J.  Plaintiff, as beneficiary, seeks to recover the sum of $150, representing the face value of an industrial life insurance policy.

Defendant admits issuing the policy, but denies liability on the ground that the policy was obtained through fraud by the plaintiff, as she introduced to the insurance company's representative a young person in sound health as Mattie Truss, the insured, when, as a matter of fact, Mattie Truss, the deceased, was an elderly sickly person, that the party who was accepted by the company is still alive and well, and that the company never did agree to insure the party who died.

There was judgment in favor of the plaintiff as prayed for, and the defendant has appealed.

The record shows that defendant is an industrial life insurance company organized and doing business under the laws of the state of Louisiana.  The plaintiff had certain policies of insurance with the company, and the company's agent, who collected the premiums, solicited plaintiff to take out other insurance policies on some of her relatives.  On September 2, 1929, an application was made by plaintiff for a policy on the life of Mattie Truss, her step-

mother, and on September 9, 1929, the policy sued upon was issued. On September 22, 1929, Mattie Truss, the stepmother of plaintiff, suffered a paralytic stroke, of which the agent, who collected the premiums, was apprised by plaintiff on the occasions of his visits for the purpose of collecting premiums. Thereafter the agent continued to collect the weekly premium of 13 cents per week for a period of about six months. But when he was informed by plaintiff that Mattie Truss was in the hospital in a dying condition, he refused to accept further premiums on the ground that the policy was obtained by misrepresentation and that plaintiff should agree to cancel it. This she refused to do, and continued the payment of the premiums at the office of the defendant company. Mattie Truss died at Independence, La., one year and about four weeks after the issuance of the policy. All premiums were paid, and due proof of death was filed with the company, which declined to pay plaintiff, as beneficiary, the proceeds of the policy.

Plaintiff and one disinterested witness testified that, at the time the policy was issued, there was no other person present who was represented as Mattie Truss, plaintiff's stepmother, but that plaintiff told the agent where her stepmother lived, and the agent stated that he would call there and examine her. Another witness corroborated plaintiff in that the deceased was in good health at the time the policy was issued.

The agent's testimony is directly in conflict with this evidence and to the effect that a young healthy woman was presented by plaintiff as Mattie Truss. It was sought to have his testimony corroborated by Mary Tanner, but, on cross-examination, she admitted that she was uncertain as to the time that the deceased suffered the paralytic stroke.

The preponderance of the evidence is that no fraud or deception was practiced upon defendant, and, as the defendant bore the burden of proving its special defense by a preponderance of the evidence, we find that the judgment of the lower court is correct.

Counsel for defendant has filed a motion to remand the case in order to take the testimony of a witness in Independence, La. After all the testimony had been taken, in the trial on the merits, counsel for defendant asked the court for permission to take the testimony of this witness. Upon objection by the attorney for the plaintiff, the court refused to continue the case for that purpose. The record shows that suit was filed on November 10, 1930, and the answer on November 22, 1930, and the case was tried on the 4th day of May, 1931. No satisfactory excuse or reason was offered why the witness could not be produced in court, or her testimony taken before the trial on the merits. Under these circumstances we believe the trial court's ruling was proper, and therefore deny the motion to remand.

Counsel for plaintiff has answered the appeal and asks for 10 per cent damages for frivolous appeal. As a serious question of fact was involved, we decline to allow plaintiff's request.

For the reasons assigned, the judgment is affirmed.