## TRAVELERS INS. CO. v. CRESCENT FORWARDING & TRANSPORTATION CO., Limited. *

### No. 16743.

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

*Rehearing granted Nov. 29, 1937.

Lenfant & Villere and Howard W. Lenfant, all of New Orleans, for appellant.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellee.

McCALEB, Judge.

On March 7, 1936, Richard Crawford, a longshoreman in the employ of the Atlantic & Gulf Stevedoring Company, was unloading cargo from a ship situated near the Dock Board's Harmony Street Wharf in the city of New Orleans. While he was in the act of pushing a handtruck loaded with cargo "into a hole," near the public roadway running through the dock, his foot and heel were run over by a large truck, with trailer attached.

As a result of the accident, he was incapacitated for a period of 17 weeks. He was paid compensation in the sum of $280 by the insurance carrier of his employer, and was rendered medical treatment at its expense.

The insurance carrier is the Travelers Insurance Company, the plaintiff in this suit. It has been subrogated, to whatever rights Crawford had against the owner of the truck causing the injury, for the amount of compensation it paid him and for the medical treatment furnished. Accordingly, as Crawford's subrogee, it filed this suit against the Crescent Forwarding & Transportation Company, Limited, a corporation engaged in the drayage business in the city of New Orleans, alleging that the latter is the owner of the truck causing Crawford's injuries, and that the accident was due to the fault of defendant's driver acting within the course of his employment. Reimbursement is sought for the amount of compensation, viz., $280 paid to Crawford, plus $89 medical expense incurred in treating him.

The defendant answered denying, in substance, the allegations of the petition, and set forth that the first knowledge it had received of the accident was some two months after it happened; that, upon being notified, it immediately made a canvass of all of its truck drivers to ascertain whether any were involved, and that this canvass revealed that none of its trucks were near the vicinity of the accident at the time of its occurrence. Alternatively, it averred that, if the court should find that the truck which struck Crawford was owned and operated by it at the time of the accident, then, in that event, recovery of the plaintiff was barred because Crawford was guilty of contributory negligence.

On these issues, a trial was had which resulted in the dismissal of plaintiff's suit; hence this appeal.

■ An examination of the record reveals that there can be no doubt that Crawford was injured on March 7, 1936, by a truck which was proceeding through the inclosed wharf of the Dock Board (in the direction of Canal street) at a point approximately 200 feet from Harmony street; that he was free from negligence, and that the cause of the accident was (1) excessive speed of the truck, and (2) failure of its driver to have the vehicle under control. The evidence also establishes the fact that the truck involved (which was hauling cotton) was a large, green one with trailer attached, and that its driver did not stop after it struck Crawford, but continued on towards Jackson avenue. In truth, the only question which seems to be seriously contested, with respect to the defendant's responsibility, is the identity of the truck.

Before we discuss the testimony adduced at the trial, it is well to describe the scene of the accident. There is a large inclosed shed, running from Harmony street in the direction of Jackson avenue, which is paved with concrete. Through the middle of this shed, there is a roadway of a tar brick composition, approximately 25-feet wide, running parallel to the Mississippi river. When the stevedores are engaged in unloading a ship, the unloaded cargo is sometimes deposited not only on the concrete portion of the shed, but also over the outer edges of the roadway, so that its actual width for the passage of vehicles is, on these occasions, somewhat less than 25 feet. This was the condition which existed at the time of the occurrence of the accident. Crawford was working on the river side of the roadway, and his foot (which was struck and run over by the truck) was extended at least two feet therein. The truck came from the direction of Harmony street and was proceeding towards Jackson avenue.

The plaintiff, in support of its claim, tendered the testimony of Crawford, Boes, Pier, Basile, and Mackabe, all of whom were eyewitnesses to the occurrence. The testimony of Crawford, Pier, and Basile must be eliminated in determining the question of the identity of the truck, inasmuch as they frankly state that they did not see any name or mark of ownership on it. However, Boes and Mackabe testified that the truck bore the inscription "C. F. & T. Co., Ltd.," which defendant admits is the insignia appearing on its trucks.

The district judge refused to give credence to the evidence of Boes and Mackabe. As a consequence, it is pertinent to investigate their statements in order to resolve the correctness of his finding.

Boes is a longshoreman. He testified that, on the day of the accident, he was unloading cargo, approximately 20 feet (in the direction of Jackson avenue on the river side of the roadway) from the spot where Crawford was working; that he saw a truck coming along the wharf and heard the watchman on duty shout to the driver thereof to slow down and watch where he was going, and that, almost simultaneously, he heard some one exclaim that the truck had struck Crawford. He further states that he saw the truck when it passed him; that it was green in color and had the insignia "C. F. & T. Co., Ltd." painted on its trailer. He admits that he did not see this truck strike Crawford, but he deduces that it was the same truck because it was the only one within the vicinity of the accident at the time it occurred.

The district judge finds that it is improbable that Boes could see the lettering on the truck, in view of its speed. A reading of the witness' statement creates the opposite impression upon us. His testimony is clear, positive, and plausible, and he appears to be disinterested in the outcome of the litigation.

The same is true with respect to the testimony of Mackabe. He was a watchman in the employ of the Pendleton Private Detective Agency and was stationed at the Harmony street wharf at the time the accident happened. He relates that, while on duty at the place where the longshoremen were unloading cargo, he saw this green truck, with trailer attached, being driven through the shed at a rate of speed in excess of 15 miles per hour; that the speed limit on the roadway in the shed, when the longshoremen are working, is 6 miles per hour, and that signs are posted warning operators of vehicles to drive with caution. The witness further declares that he was standing on the lakeside of the roadway approximately 15 feet above and opposite the point where Crawford was working; that, upon seeing the speeding truck, he shouted to the driver to slow down, and that, just as it passed him, it struck Crawford. He says that the truck driver was a negro, and that the cab of the truck was painted with the letters "C. F. & T. Co., Ltd."

The district judge, in his reasons for judgment, states that Mackabe's testimony

was so confused that he paid very little attention to it, and placed no credence in it. It is true that the witness is uncertain as to the width of the roadway or how much of it was occupied with cargo unloaded from the ship, but, on the whole, we find that his statement is clear and impressive.

The defendant relies upon certain negative evidence, which consists of records showing that none of its cotton hauling trucks were routed in the vicinity where the accident occurred. These records were admitted in evidence, over objection of plaintiff's counsel that they were merely hearsay. Assuming that the district judge was correct in considering them, we feel that they are insufficient to overcome the weight we attach to the positive testimony of Boes and Mackabe.

Defendant also complains that the plaintiff did not immediately notify it of the occurrence of the accident, and offers proof that the first knowledge it obtained was some two months after it is alleged to have happened. This fact alone is an insufficient ground to deny recovery under the facts presented in the case.

Being of the opinion that the defendant is liable, we next consider the items of damage claimed by the plaintiff. The sum of $280 compensation, paid to Crawford, is not in dispute, and the plaintiff is entitled to have judgment for that amount. Likewise, is the claim for $5 representing the cost of X-ray pictures taken of Crawford's injured limb by Dr. N. H. Polmer. However, the claim of $84, for treatment administered to Crawford by Dr. S. Geismar, is seriously challenged. The only evidence produced in support of this charge is that of Mr. P. F. Naughton, an investigator for the plaintiff. He says that he received a bill from Dr. Geismar, for treatments administered to Crawford, amounting to $84. This bill is not produced, and the doctor did not take the witness stand in the case. In view of these circumstances, we do not feel that plaintiff has proved this item with legal certainty. There is no showing that Dr. Geismar was unavailable as a witness, and, at all events, there is no explanation given as to the nonproduction of the bill he rendered the plaintiff, which is admittedly unpaid. Dr. Geismar undoubtedly administered treatment to Crawford, but, with the record in its present state, we are unable to determine the fair value of his services. For this reason, we feel compelled to nonsuit the plaintiff on this item of alleged damage.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Travelers Insurance Company, and against the defendant, Crescent Forwarding & Transportation Company, Limited, in the full sum of $285, with legal interest thereon from judicial demand until paid, and for all costs.

Reversed.