**ROANE v. BOURG, Sheriff, et al.**

No. 1780.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

Harris Gagne, of Houma, for appellant.

Wallis & Butler, of Houma, and F. Rivers Richardson, of New Orleans, for appellees.

Le BLANC, Judge.

This case is now before us on the suspensive appeal which was reinstated after the original order granting the same by the district judge, acting herein as judge ad hoc, had been by him recalled. After the order had been rescinded, the appellant applied to this court for writs of mandamus, certiorari, and prohibition, in order to preserve the suspensive appeal which he had been granted. The alternative writs which had been granted were made permanent and the rescinding order was set aside and annulled. State ex rel. Roane v. Himel, Judge (La.App.) 176 So. 413.

As stated in the opinion handed down on application for writs, the suit is one for injunction to arrest the execution of a judgment rendered in the parish of Iberia in the case of Mrs. Nannie Rader Burleigh against a certain partnership composed of L. N. Scheuerman, Jefferson D. Roane, and Louis J. Martel, and against the individual members thereof. All property belonging to the partnership was seized and sold under execution in Iberia parish, and, after crediting the judgment with the amount realized therefrom, there remained a balance due the judgment creditor amounting to $334.32. Later, the judgment creditor sold the judgment to Mrs. E. N. Scheuerman with subrogation to all of her rights thereunder.

After the judgment had been assigned to her, Mrs. Scheuerman had an alias writ issue out of Iberia parish addressed to the sheriff of the parish of Terrebonne and caused the latter to seize thereunder a Ford coupé automobile and a Ford truck belonging to Jefferson D. Roane, one of the members of the partnership against which the judgment had been rendered, as she claimed that the individual members of the partnership were condemned in solido by virtue of its nature. The writ issued for the original amount of the judgment, that is, the sum $780, with interest, without taking into account the credit which was due by reason of the seizure which had taken place in Iberia parish. In placing the writ in the hands of the sheriff of Terrebonne parish, however, counsel for the seizing creditor instructed him by letter not to collect more

374

than the balance due on the judgment; that is, the sum of $334.22, with interest and costs, as well as his own costs and charges.

After the seizure of his property as aforesaid, the plaintiff in this proceeding applied to the court of Terrebonne parish for a preliminary injunction on the following grounds: (1) That he is not bound in solido under the judgment rendered against the partnership of which he was a member, as the same was an ordinary one and not commercial, and therefore the liability of the partners was only joint. (2) That he never was given notice of the assignment of the judgment prior to the issuance of the writ now sought to be executed. (3) That he and the partnership of which he was a member have been discharged from all obligation incurred by the judgment by virtue of the release in the act of subrogation of certain property on which a lessor's lien and privilege had been recognized.

The answer of the defendants in rule for injunction put at issue all the claims and contentions made by the plaintiff, and the matter was submitted to the court on the pleadings and certain documentary evidence filed in the record. The trial judge rejected all the contentions of the plaintiff in rule, and denied the injunction. Under the circumstances already related, the case is before us on appeal.

■ Copies of the pleadings in the original suit against the partnership in Iberia parish are filed in the record, and in the petition therein the partnership is alleged to have been one "entered into for the purpose of manufacturing syrup, packing and marketing the same." In the answer filed herein by the defendants in rule, it is denied that the partnership was an ordinary one, and averred specifically that it was commercial, "created for the purpose of purchasing raw sugar and converting same by manufacture into refined syrup." From the nature of its business, we think that this partnership came clearly within one of the definitions of a commercial partnership found in article 2825 of the Civil Code. "Commercial partnerships" it is therein stated, "are such as are formed: 1. For the purchase of any personal property, and the sale thereof, either in the same state or changed by manufacture." As early as 1853, in the case of Twibill & Edwards v. J. & H. Perkins, 8 La.Ann. 133, we find the court holding that parties, "carrying on a sugar refinery, are

liable in solido as commercial partners." In the case of Southern Coal Co., Inc., v. Sundbery & Winkler, 158 La. 386, 104 So. 124, the court again held partners, who owned and operated a sugar cane factory in which was ground cane from their own partnership and individual plantations as well as cane purchased from outsiders, to be liable in solido on the ground that the partnership was commercial. The court intimated that part of their business might have been noncommercial, but under its ruling the partners were held in solido for all of its obligations, as they had not segregated the commercial from the noncommercial features of their business. We are convinced that in the case before us, the partnership, by the very nature of its business, was strictly a commercial one, and that the plaintiff in injunction was solidarily bound as one of the partners under the judgment rendered against it. True, the judgment did not condemn the partners in solido; but in the early case of Prall v. Peet's Curator, 3 La. 274, the court held that, "where a suit is against persons bound in solido, * * * the judgment carries with it solidarity, even although it be not expressed." We find no merit in this first contention made by the plaintiff in rule herein.

■ Neither do we find any more merit in the second point at issue; that is, that plaintiff in rule was entitled to notice of the subrogation of the judgment before the writ could issue against him. This same contention was made in the case of Zibilich v. Rouseo, 157 La. 936, 103 So. 269, 272 and it was disposed of by the court as follows: "Nor did the fact that plaintiff was never notified of the assignment of the judgment constitute a ground for the issuance of the injunction. The only effect of the failure to give such notice, as between plaintiff in injunction and the parties to the assignment, was that, had plaintiff paid the judgment to the assignor, the payment would have been valid, notwithstanding the assignment, or had plaintiff owned a claim, compensable against the judgment, compensation would have taken place, notwithstanding the transfer. Civil Code, arts. 2644, 2207, 2212." Of course, plaintiff makes no claim of payment individually to any one; nor does he pretend to hold a claim which might be urged in compensation against the judgment.

■ The last contention of the plaintiff in rule is that the release by the orig-

inal judgment creditor of partnership property incumbered with the lessor's lien had the effect of releasing him also from his obligation under that judgment. No law is cited in support of that proposition, nor does plaintiff show in what manner he was prejudiced by such release. If he was affected in any way, it was to his advantage. Plaintiff has in mind, no doubt, that provision of law under which a surety is released up to the value of pledged property released by a creditor to the principal debtor. In that case the surety has proper ground to complain, as the release injures him to that extent. But here, the plaintiff, instead of being classed merely as a surety, is a debtor bound in solido by the judgment, and does not enjoy the right of a plea of division and discussion granted to a surety under article 3045 et seq. of the Civil Code.

In brief before this court, plaintiff raises new issues which apparently were not presented in the lower court, and we therefore can give them no consideration on appeal.

The judgment appealed from being found correct in every particular, it is hereby affirmed.