## HENNEN v. LOUISIANA HIGHWAY COMMISSION.
### No. 5550.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Dhu Thompson, of Monroe, for appellee.

HAMITER, Judge.

The trial court awarded compensation in this cause to plaintiff, as for total and permanent disability, at the rate of $19.50 per week for and during a period not exceeding 400 weeks from November 10, 1936, with 5 per cent. per annum interest on payments from their respective maturities until paid, less and subject to twelve and one-third weeks' compensation previously paid to plaintiff .in the form of salary. It also fixed the fees of the experts testifying and taxed them as costs in the suit. From the judgment, defendant prosecuted this appeal.

For a period of more than ten years appellee was an employee of the defendant, .Louisiana Highway Commission, at its maintenance barn located in Ouachita parish. He possesses a limited education; having progressed only to the fourth grade at school. No training for clerical work was his. The duties of his employment were to receive, deliver, and keep account of the various pieces of equipment and machinery, and their replacement parts, and also highway supplies, that were needed and used in the Eleventh maintenance district. In connection with the position, lifting and other manual labor was required of him. His salary or wages was $30 per week.

While working during the month of January, 1936, he received a slight back injury and was treated for it; but no time was lost from his work. In July of that same year he again suffered an injury to his back which necessitated a layoff of approximately seven days while receiving medical treatment. No compensation was paid him for these injuries.

The injury for which appellee claims compensation in this suit is one allegedly experienced on November 3, 1936. At about 11:30 o'clock on the morning of that day he was assisting three or four fellow workmen in the loading onto a truck of a piece of equipment known as a Fresno. This item is a large scoop or shovel used in road work, and weighs approximately 2,000 pounds. While engaged in lifting the object, he experienced a sharp pain in his back and was compelled to cease his efforts. This was immediately reported by him, at the district maintenance office, and he was then placed in an automobile by another employee and driven to his home. For a period of several weeks he was in bed under the treatment and attention of a physician. Thereafter, he returned to his position with defendant and carried on that portion of his duties which required no lifting or heavy manual labor. His activities consisted solely of keeping track of the repair parts and items of equipment. He was permitted to do this, according to the testimony of the district superintendent, because of his thorough knowledge of the machinery and equipment which was used to defendant's advantage. His regular weekly salary was continued to be paid him until January 1, 1937, when he received a notice of his discharge from the Baton Rouge office of the Highway Commission.

■ From the date of the injury herein complained of to the date of trial, plaintiff, according to the evidence in the record, was wholly disabled to do the work for which he was trained and fitted, viz., manual labor. Furthermore, no definite time in which a complete recovery will be effected is revealed by the record. Under the present jurisprudence of this state, interpreting the Louisiana Employers' Liability Act, plaintiff's disability must be viewed as total and permanent. Schneider v. Travelers Insurance Company, La.App., 172 So. 580.

■ It is contended by defendant that plaintiff suffered no accident within the meaning and intendment of the compensation statute. Act No. 20 of 1914, as amended. In this connection, its counsel argue that only injuries of an accidental nature are compensable, and that there was nothing accidental about the injury in question for there was no unusual or unexpected happening to claimant; that he did exactly what he intended doing, viz., assisting in the loading of the Fresno onto a truck. This contention is, in our opinion, without merit, in view of the jurisprudence of Louisiana. In Jackson v. Travelers' Insurance Company et al., 180 La. 43, 156 So. 169, 170, the Supreme Court had under consideration a compensation controversy involving a strain. The employee in the cited case "was engaged, with the assistance of a fellow workman, in lifting cross-ties, weighing between 200 and 300 pounds, and placing them upon the shoulders of a third workman, who then took the ties to a box car. He had worked from 7 o'clock in the morning of May 6th until about 10 o'clock, when he and his co-worker picked up a tie, and had raised it to about the height of a man's shoulder, when deceased dropped his end and exclaimed: 'I done jerked a kink in my side!' Soon thereafter he spat up blood, later had a hemorrhage of the stomach, and continued to have them at intervals until he died some five or six days afterward from hemorrhage of the stomach." The employee, at the time of the strain, was performing his work as intended; yet the court held that his injury and resultant death were caused by an accident arising out of his employment and were compensable. A somewhat similar situation is found in the instant case.

The Jackson Case was cited, and its doctrine followed, by this court in Renfrow v. Caddo Parish Police Jury, 155 So. 291, and Biggs v. Libbey-Owens-Ford Glass Company, La.App., 170 So. 273.

Defendant's next contention is that the disability from the accident, if one occurred, consisted of merely a strained back from which recovery was had within three or four weeks thereafter, and that his present disability is caused by an infected prostate gland.

For the purpose of proving that plaintiff's lengthy and continuing disability resulted from the accident of November 3, 1936, his counsel placed on the witness stand reputable medical experts and questioned them regarding X-ray plates depicting the bone structure of the employee's back. Some of these pictures were made at the request of plaintiff, while others were provided through the efforts of defendant. The attorney for the latter likewise produced equally reputable physicians who were interrogated about the same X-ray plates and defendant's disability. In substance, plaintiff's experts were of the opinion that his present disability is traceable to his lifting of the Fresno, and they testify that the X-ray plates disclose a fracture of the fifth lumbar vertebra. Defendant's experts could find no such fracture in the pictures, and their opinion was to the effect that the employee's condition is due solely to infection in the blood stream produced by an infected prostate gland.

■ It is thus to be seen that we are confronted with a deplorable and irreconcilable conflict in the testimony of members of the medical profession relative to an important issue in the case. When situations of this kind are at hand, and such are not infrequent, the court must look to the lay testimony and to the other evidence for assistance in its endeavor to do justice between the parties. Bearman v. Fuller Construction Company, La.App., 148 So. 720; Rogers v. Union Indemnity Company, La. App., 146 So. 505.

■ Counsel for defendant are cognizant of the existing conflict in the experts' testimony, to which we have above alluded, and suggest that the case be remanded to the district court for the purpose of having appointed disinterested physicians to make an examination and to report their findings. It is unnecessary for this suggestion to be adopted, for the evidence in the record, considered as a whole, convinces us that the accident in question was the operating cause of claimant's disability.

The testimony of the district superintendent of defendant is to the effect that prior to the accident and injury of November 3, 1936, plaintiff's work was performed satisfactorily and as required of him. In addition to the checking in and out of the machinery, equipment, and supplies, the position demanded a certain amount of lifting and manual labor, including the delivery by plaintiff, to various parts of the maintenance district, of drums of oil and other heavy articles. This manual labor could not be done by him subsequent to the accident.

■ It is very likely that plaintiff's system possessed the above-mentioned infection prior to the occurrence of the accident; but that diseased condition apparently had no effect upon plaintiff's ability to carry on the tasks assigned to him. The strain produced by the lifting of the Fresno obviously aggravated such condition and was a contributing agency in the effecting of plaintiff's disability. This court said in the case of Anderson v. Louisiana Oil Refining Corporation, 16 La.App. 294, 134 So. 343, 344: "It is not necessary, in order to recover under the Employers' Liability Act, that the continued disability directly resulted from the injury. It is sufficient if the disability be the result of a condition arising from the injury, or that the injury be a contributing cause of the disability."

We referred approvingly to the Anderson Case in Woodard v. Collins et al., 172 So. 207, and Schneider v. Travelers Insurance Company, 172 So. 580.

■ It is therefore our conclusion that the accident and injury sustained by plaintiff on November 3, 1936, was at least a contributing cause of the disability involved herein, and plaintiff is entitled to be compensated therefor.

■ Defendant next urges in the alternative, that it should receive full credit for all amounts paid plaintiff as wages from November 3, 1936, to January 1, 1937, or a total of $370. We are in accord with defendant's views in this regard. The employee in the case of Becton v. Deas Paving Company, Inc., 3 La.App. 683, was given work as a night watchman after the injury complained of occurred, and was paid a weekly wage slightly less than he originally earned. This court held that the defendant in that compensation proceeding was entitled to credit for whatever amounts it had paid the employee in wages since the date of the accident.

■ Plaintiff complains of the trial court's ruling with respect to the fees allowed the expert witnesses who appeared in the trial of the case. Even should we disagree with that ruling, we are unable to increase the fees awarded for the reason that plaintiff has neither appealed nor filed an answer to defendant's appeal.

Accordingly, it is our decree that the judgment of the trial court be amended to the extent of granting defendant credit on the compensation award for the total amount it paid plaintiff for his services rendered subsequent to the accident of November 3, 1936, such crediting to be on the first amounts due; and, as amended, said judgment is affirmed. Cost of this appeal shall be paid by plaintiff, while defendant shall pay all other costs.