**TRAVELERS INS. CO. v. CRESCENT FORWARDING & TRANSPORTA-TION CO., Limited.**

**No. 16743.**

Court of Appeal of Louisiana. Orleans.

Feb. 21, 1938.

For former opinion, see 176 So. 654.

Lenfant & Villere and Howard W. Lenfant, all of New Orleans, for appellant.

Edw. Rightor and W. H. Sellers, both of New Orleans, for appellee.

JANVIER, Judge.

This matter is now before us on rehearing, which is restricted to the question of whether the claim of plaintiff-appellant for medical expenses was properly dismissed as in case of nonsuit, or whether it should have been dismissed by definitive decree. For our original opinion and decree, see 176 So. 654, 656.

The plaintiff, Travelers Insurance Company, was the liability insurance carrier of Atlantic & Gulf Stevedoring Company, by which corporation Richard Crawford was employed when he received physical injuries. The liability insurance carrier, having paid Crawford's claim for compensation, brought this suit for reimbursement against the present defendant, alleging liability ex delicto in that corporation. We held that there was liability, but dismissed, as in case of nonsuit, the claim of the insurer for the amount of the alleged medical expenses for the reason that neither the bill of the doctor nor the doctor himself was produced on the trial. We said:

"We do not feel that plaintiff has proved this item with legal certainty."

Counsel for defendant-appellee contend that, since the entire case was fully tried, if plaintiff failed to prove that any particular item of damage had been sustained, we should definitively dismiss the suit as to that item, and, in support of this argument, direct our attention to the case of Barrow v. Unity Industrial Life Insurance Co., 18 La.App. 645, 139 So. 77.

Counsel for plaintiff-appellant, on the other hand, direct attention to article 906 of the Code of Practice, in which the appellate court is authorized to remand any case in which "the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, * * * because the parties have failed to adduce the necessary testimony," and counsel further point to many cases, in each of which it has been held that appellate courts are authorized to remand for further evidence whenever a record as made up is insufficient to warrant a judgment if the court, in its discretion, feels that the interests of justice will be best served by such remand. The cases to which our attention is directed are the following: Succession of Robinson, 186 La. 389, 172 So. 429; Wall v. United Gas Public Service Co., La.App., 171 So. 497; Paul Klopstock & Co. v. United Fruit Co., 171 La. 296, 131 So. 25; Layman v. Sternberg & Stern, 2 Orleans App. 224; Dufour Bertrand Feed Co. v. Dedebant, 9 Orleans App. 321; Landry v. Adeline Sugar Factory Co., 50 La.Ann. 542, 23 So. 621; Brown v. Gulf Refining Co. of La., 5 La.App. 546; Minor v. Young, 149 La. 583, 89 So. 757; Manget Bros. v. Henry, 13 La.App. 57, 127 So. 51; Boykin v. Jenkins, 174 La. 335, 140 So. 495.

The record shows that the doctor in question, on numerous occasions, treated the injured employee and that he rendered to the plaintiff corporation a bill for his services. But there is some dispute as to whether the bill was for $50, or for $84, and it was because of the fact that the plaintiff corporation, on the original hearing, did not satisfactorily eliminate the confusion resulting that we held that we could not pass definitively on that item of the claim. But that some amount was due, or had been paid by the plaintiff corporation to the doctor, the record conclusively establishes, and certainly the ends of justice in such circumstances would not be served by a definitive dismissal of that item of plaintiff's claim.

In Manget Bros. v. Henry, supra, we remanded the case for the limited purpose of permitting testimony to establish the quantum of damage where we found that there was liability but that the evidence did not satisfactorily establish the extent of the loss.

It is true that in the case before us there is no question of remand and we think that the matter should not be remanded because there is no doubt, as we said in our original opinion, that the plaintiff was entitled to a definitive judgment for the amount which it had paid to the injured employee. But, on the other hand, we do not think that the plaintiff's claim for medical expenses should be finally and completely rejected since it is evident that it is only the amount of the claim which is doubtful. In such circumstances a judgment as in case of non-suit will produce the most equitable result.

Our original decree is, therefore, reinstated and made final.

WESTERFIELD, J., absent, took no part.