**STRAHAN v. KANSAS CITY BRIDGE CO.**

No. 2044.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1939.

Breazeale & Sachse, of Baton Rouge, for appellant.

Jos. A. Gladney, of Baton Rouge, for appellee.

DORE, Judge.

This is a suit under the Workmen's Compensation Act (Act No. 20 of 1914), wherein plaintiff alleges that he was totally and permanently disabled, on the night of August 24, 1938, when he slipped and fell on a pile of timbers while performing his duties as an employee of the defendant company. He avers that his wages at the time of injury were $24 per week, and that he is therefore entitled to compensation at the rate of $15.60 per week from August 24, 1938, for a period not to exceed 400 weeks, plus an allowance of $250 for medical expense incurred and to be incurred, plus interest and costs, less compensation already paid him, which he states was in the amount of $13.20 per week from the date of the accident through January 11, 1939.

The defendant denies liability, averring that, if the plaintiff is suffering from a disabling injury, such injury is not the result of his work and was not sustained in the course of his employment by defendant. The defendant admits that plaintiff was employed by it up to August 24, 1938, and that immediately thereafter he was hospitalized for a few days and treated by company doctors for several weeks, during which time he was paid compensation at the rate of $13.20 per week. It alleges further that plaintiff was working at a wage of 50¢ per hour under a recorded contract between the defendant company and the Louisiana Highway Commission which prevented the company from employing labor for more than 176 hours per month or more than 44 hours per week, and that hence his weekly wage at the time of the alleged injury was $22 per week.

The district court first rendered judgment in favor of plaintiff and against the defendant for total, temporary disability on the basis of a weekly wage of $24; that is, $15.60 per week for a period not to exceed 300 weeks from August 24, 1938, less the amount already paid to plaintiff, with legal interest on matured payments, plus $155 for medical expense incurred, plus $25 to each of two expert witnesses. The trial judge stated in his opinion that, while it was alleged that plaintiff's employment was limited to a maximum of 44

hours per week, no evidence on that point had been introduced. After this judgment was rendered, a motion for new trial by defendant, to which plaintiff excepted, was granted, to determine the question of the amount of plaintiff's weekly wage, and, it having been stipulated by counsel for both sides that there was a contract of record between defendant and the State Highway Commission limiting the hours of employment of labor employed by defendant to 176 hours per month, the trial judge found that plaintiff was employed on the basis of a maximum of 44 hours per week, or a weekly wage of $22, and amended his judgment by reducing the compensation from $15.60 to $14.30 per week.

The defendant has appealed from that judgment, contending (1) that the plaintiff failed to prove that he suffered an accident as alleged, and (2) that, even if it is found that the accident is satisfactorily proved, the plaintiff's disability, if he has one, is not the result of such accident and is therefore not compensable under the Act.

■ The trial judge correctly overruled plaintiff's exception to the motion for new trial, since under the provisions of Act No. 10 of 1926 he had ample authority to grant such new trial and to revise his judgment. The plaintiff, in his brief, complains that the trial judge erred in amending his first judgment merely on the stipulation that there was a recorded contract between the defendant and the Highway Commission limiting the hours of employment of labor; that plaintiff was not informed of such limitation when he was employed, and that his employment called for a daily wage of $4 and under our jurisprudence a six-day week should be used in computing his weekly wage. In his brief, plaintiff contends further that his injury is permanent and total; that the appeal herein is frivolous and he should be allowed a penalty of ten per cent. additional on the judgment by reason of such frivolous appeal. However, since plaintiff has not appealed or answered the appeal herein, these questions urged in his brief are not properly before us (see Hennen v. Louisiana Highway Commission, La.App., 178 So. 654), and the only question at issue on appeal is whether or not the lower court erred in finding from the evidence that the plaintiff was suffering from a total, temporary disability resulting from an accident occurring in the course of his employment by the defendant; and, since

this is a question of fact, unless we can find that the trial judge committed manifest error in his findings, the judgment should, of course, be affirmed.

■ We cannot agree with defendant's contention that the actual accident has not been satisfactorily proved. It is true that, as brought out by defendant, we have no testimony of any eye witness to the actual slipping and falling of plaintiff on the timbers, but we do have the testimony of fellow employees to the effect that, at the time and place of the alleged accident, plaintiff called them to his assistance; that he stated to them that he had fallen and hurt himself; that he was apparently injured and that because of such apparent injury he was immediately taken to shore from the barge on which he had been working and a short while later he was removed to a hospital. It is clearly shown that he received treatment from Dr. Lorio and Dr. Nelkin for a back injury during his short stay in the hospital, and that he received treatment in Dr. Lorio's office for several weeks thereafter. Dr. Witter testifies that on October 1, 1938, plaintiff was examined by him; that plaintiff gave a history of having slipped and fallen on his back about five weeks prior to such examination; that the examination revealed that plaintiff was suffering from pains in his back, and had "tenderness over both erector spinal groups of muscles and right sacroiliac region," and that he was also suffering from chronic prostatitis. The testimony mentioned herein is sufficient in itself to prove the accident and injury, and coupled with the admitted fact that the defendant paid compensation to the plaintiff from the date of injury for a period of several weeks thereafter, clearly convinces us that the findings of the trial judge that there was, on August 24, 1938, an accident and resulting injury are correct.

■ Defendant's second contention, to the effect that plaintiff's disability was not caused by the accident, is based on the medical testimony that plaintiff was suffering from chronic prostatitis. Dr. Witter diagnosed plaintiff's disability as both sacroiliac strain and chronic prostatitis, and testifies that, since plaintiff's symptoms could have been caused by the prostatitis alone, he treated plaintiff for prostatitis until that condition was entirely cleared, and that thereafter plaintiff continued to suffer from pains in his back. It is our interpretation of his testimony that plaintiff's accident resulted in a strain or bruise in the sacroiliac region and also in the aggravation of a pre-existing, dormant prostatitis, the cause of which is unknown; that the prostatic trouble is now cured and that the injury to the back can be completely remedied under proper treatment.

Dr. Lorio's testimony is to the effect that such injury as plaintiff sustained to his back should have responded to treatment within from five to seven weeks, and that the only logical explanation of plaintiff's continued disability is the prostatic condition (or the unknown cause thereof), which condition he states could not have been caused by the accident or aggravated thereby. He states that while the prostatitis could not have been caused or aggravated by a fall, that such condition could have retarded plaintiff's recovery from the back injury.

There is ample testimony to show that prior to the accident the plaintiff was an able worker, rendered satisfactory service to his employer, and was apparently in normal health, so that such prostatic trouble as he may have had prior to the accident appears to have been dormant. The testimony of both expert and lay witnesses shows that since the accident he has been disabled and that he is unable at this time to resume his work. It appears from the medical testimony that the disability can be cured under proper treatment, but we agree with the lower court's finding that it cannot be determined how long his disability will continue, since none of the experts, except possibly Dr. Lorio, would venture to estimate the time required for a complete recovery.

It seems reasonable to conclude from the evidence discussed hereinabove, especially the testimony of Dr. Witter and Dr. Lorio, that the accident either caused an injury to the back and aggravated a pre-existing condition of prostatitis, or that the accident caused an injury to the back which has failed to respond readily to treatment due to a pre-existing condition of prostatitis. In either event, it appears that the proximate cause of plaintiff's disability was the accidental fall sustained by him in the course of his employment on August 24, 1938, and we cannot see wherein the trial judge erred in so finding.

The judgment appealed from is therefore affirmed.