498 So.2d 253 (1986)
Louis ROGERS
v.
Leo G. D'AUBIN, Jack McDonald & Mrs. Rebecca G. McDonald.
No. CA 85 1007.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
*254 Fred C. Jackson, St. Francisville, for plaintiff-appellant Louis Rogers.
Allen M. Posey, Jr., Baton Rouge, for defendants-appellees Jack McDonald and Rebecca McDonald.
A. Clay Pierce, Jr., Baton Rouge, for defendant-appellee Leo D'Aubin.
Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
This is a worker's compensation suit instituted by Louis B. Rogers based on the injuries sustained by Rogers as he supervised the repair of the defendants' home. From a judgment dismissing the suit, plaintiff has appealed.

*255 FACTS
Jack and Rebecca McDonald sold their house and property to Leo D'Aubin and retained an option to purchase. The McDonalds remained residents of the house while D'Aubin was the owner on the public record. In May, 1981, the house was damaged by a tree limb which was inadvertently dropped during landscape work. The entire sum received by D'Aubin, in settlement of the insurance claim for damages, was transferred to McDonald, who obligated himself to use the money to renovate the damaged house.
After the accident, Rogers and McDonald entered into an oral agreement whereby Rogers agreed to supervise the work of the electricians, plumbers, carpenters, and roofers in return for a set amount of $300 per week. It was the plaintiff's duty to hire and record the time of the appropriate subcontractors, procure the necessary buildings materials and equipment (at his contractors' discount), and supervise the overall reconstruction of the damaged house. The plaintiff was never required to perform manual labor as a necessity for employment. Since Jack McDonald was a real estate agent and Rebecca McDonald a housewife, neither knew the complexities of supervising the repair of their damaged home. The McDonalds' only control over the project was its final outcome, with the day-to-day operations managed by the plaintiff. There existed no contract between Leo D'Aubin and the plaintiff for any of the repair work.
In July, 1981, Rogers was injured while assisting in lifting a bathtub at a local sandblasting company. The bathtub was a portion of the renovations being done under Roger's supervision to the defendants' house.
Plaintiff filed suit for worker's compensation benefits seeking total and permanent disability. The defendants filed separate motions for summary judgment alleging that plaintiff was an independent contractor, and further, that the work being performed by plaintiff was not part of the trade, business, or occupation of any of the defendants, citing La.R.S. 23:1035. The trial court granted the motions for summary judgment. However, this court reversed and remanded, holding that genuine issues of material fact did exist. Rogers v. D'Aubin, 434 So.2d 1228 (La.App. 1st Cir.1983).

TRIAL COURT
Subsequent to the remand by this court, and after plaintiff presented his case in chief during the trial on the merits, D'Aubin moved for a directed verdict. The motion was granted by the trial court based on the failure of plaintiff to prove by a preponderance of the evidence any contractual relationship between plaintiff and D'Aubin.
After a trial on the merits, the court dismissed plaintiff's suit, reasoning that since Jack McDonald was a real estate broker and Rebecca McDonald was a housewife, the repair work done to their house was not part of their trade, business, or occupation. Additionally, and obviously for the benefit of this court, the trial court found as fact that plaintiff was hired for his expertise and ability to "put things together." Plaintiff retained control over his hours, brought the group of laborers together, and supervised their work.

ASSIGNMENTS OF ERROR
In appealing, plaintiff contends that the trial court erred (1) in finding plaintiff to be an independent contractor, and (2) in failing to compare the witnesses' affidavits and exhibits with their trial testimony.
The McDonalds answered the appeal seeking frivolous appeal damages. La. Code Civ.P. art. 2164.

I
We initially note that plaintiff does not complain of the directed verdict in favor of the defendant, Leo G. D'Aubin. Necessarily then, that portion of the trial court judgment is final.
We also note that plaintiff did not assign as error the finding by the trial court that the repair work was not part of the trade, *256 business, or occupation of the McDonalds. In oral argument, plaintiff's counsel vaguely alluded to this issue. However, we are of the opinion that a brief passing reference to an issue not briefed is insufficient to escape the provisions of Rule 1-3, Uniform RulesCourts of Appeal.
As noted above, the trial court dismissed plaintiff's suit on two grounds: 1) that the work being performed by plaintiff was not part of defendants' trade, business, or occupation; and 2) that plaintiff's independent contractor status precluded his recovery. For plaintiff to be successful on appeal, he must convince this court that the trial court was in error on both grounds, because either ground was sufficient to dismiss plaintiff's suit. Though plaintiff has failed to assign as error and brief one of the grounds for dismissal, we will discuss the remaining errors assigned and briefed.

II
The plaintiff's contention that Rogers was not an independent contractor, under Louisiana law, is without merit. As defined in La.R.S. 23:1021(6), Rogers rendered a service, supervisory in nature, that contained less than substantial amounts of manual labor. He was employed at $300 per week, for a specified resultthe repair and reconstruction of the defendants' damaged personal residence. The defendants testified that their control was limited to the final outcome of a restored home. The McDonalds kept no time sheets, fired no workers, and determined no specific amounts to be paid to the workers. Rogers was in constant supervision and control of the project, with the workers going to him for payments and work assignments. See Lushute v. Diesi, 354 So.2d 179 (La. 1977); Prince v. Baton Rouge General Hospital, 449 So.2d 90 (La.App. 1st Cir. 1984) writ denied, 450 So.2d 966 (La.1984). Since Rogers is an independent contractor, he is precluded from the worker's compensation benefits. Even the exception to the statute, i.e., when the independent contractor does substantial manual labor, is inapplicable. After a thorough review of the record, we cannot say that the trial court was manifestly erroneous or clearly wrong.

III
The second assignment of error by plaintiff also lacks merit. Plaintiff contends that error occurred when the trial court did not use affidavits and exhibits to compare against the witnesses' testimony. The issue presented by this assignment of error is one of credibility and of the weight to be afforded those exhibits considered in the trial court's fact finding process. We are convinced that the trial court was neither manifestly erroneous nor clearly wrong.

IV
In their answer to the appeal, the McDonalds seek frivolous appeal damages under La.Code Civ.P. art. 2164. Appeals are favored, and thus appellate courts are reluctant to impose the penal provisions of Article 2164. Damages are awarded only when there are no serious legal questions or when it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates, even though the court is of the opinion that such view is not meritorious. Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634 (1965); Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983). Though an appeal is without merit, damages will not be awarded if it raises legitimate issues. Damages must clearly be due before they will be awarded. See Comment Damages for Frivolous Appeal, 45 La.L.Rev. 137 (1984).
Louisiana courts have refused to award damages under Article 2164 when questions of fact are involved or when an appellant or his attorney has made an honest mistake. Southern Coal Co. v. Sundbery & Winkler, 158 La. 386, 104 So. 124 (1925); Austin & McWilliams v. Moore, 16 La. Ann. 218 (1861); Barrow v. Unity Industrial Life Ins. Co., 18 La.App. 645, 139 So. 77 (1932). Further, damages will not be *257 awarded when the appellant is in good faith. Macaluso v. Succession of Marinoni, 184 La. 1052, 168 So. 296 (1936). The test of good faith was set forth by the Supreme Court in Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634, 637 (1965):
[W]hen counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.
Rogers sustained fractured vertebras and pulled back muscles while performing manual labor during the course of the repairs to defendants' property. He testified that he never considered himself an independent contractor on this job. Throughout the course of this litigation his counsel professed a sincere belief that his client was covered under the Louisiana worker's compensation laws.
Although we cannot find that the trial court was clearly wrong in denying recovery under the worker's compensation laws, neither can we find that this appeal was taken solely for the purpose of delay or in bad faith. Rogers had nothing to gain by delay, and we shall not penalize an appellant for his counsel's erroneous interpretation of the law.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the plaintiff-appellant.
AFFIRMED.
LOTTINGER, J., filed a separate dissenting opinion from the refusal to award frivolous appeal damages.
LOTTINGER, Judge, dissenting.
As the assigned author of this opinion I incorporated therein language agreed to by the other panel members in reference to the question of frivolous appeal damages. I do not question the jurisprudence cited by the majority, however, I seriously question its application.
The appellees correctly brought to this court's attention that but for the slight alterations, the appellant's brief simply repeated his arguments verbatim from his brief filed in a prior appeal in this matter on a summary judgment question. In fact, the two assignments of error in the previous appeal are identical to the two assignments of error filed in this appeal. This perhaps explains why appellant did not assign as error the trial court's determination that the repairs were not part of the trade, business, or occupation of the McDonalds. Without this issue being placed before this court, the trial court's decision could only be affirmed.
The majority finds that appellant's counsel was sincere in his belief that appellant was covered under the Louisiana worker's compensation laws. With this finding I have no dispute. However, the majority begs the question in failing to come to grips with the more serious question of failure to raise as an assignment of error the principle reason appellant lost in the trialthat the repairs were not part of the trade, business, or occupation of the McDonalds.
The failure to award frivolous appeal damages sends forth a message to all appellees to not waste the time and effort seeking frivolous appeal damages, because they are not to be awarded. I agree the appellate courts of this state have been most reluctant to award frivolous appeal damages, but if the facts of this case do not justify such an award, then none do. Courts are most reluctant to award damages against the client when the attorney is the one at fault. However, it occurs to me that the client should have a cause of action against the attorney for reimbursement.
Therefore, I respectfully dissent from that portion of the opinion refusing to award frivolous appeal damages.