BYRNES, Judge.
Appellants, Olympia Company, Inc. Olympia Roofing Company and Trailer Truck Body Parts and Service Inc., brought this negligence action alleging that the testimony of appellee, C. Ellis Henican, during a lawsuit previously brought by Olympia Roofing Company, Inc. against the City of New Orleans, caused the dismissal of that lawsuit. We affirm the district court’s granting of appellees’ Motion for Summary Judgment. Further, because we find this *17 appeal to be frivolous we assess $2,500.00 as damages, plus court costs, against appellants and their appellate attorney.
FACTS
This appeal arises out of two lawsuits filed by appellants. The first, filed in 1977, contained allegations by appellants against Mr. Henican concerning the allegedly false testimony he gave in an earlier suit brought by Olympia Roofing Company Inc. against the City of New Orleans and the UPT. It was alleged that, at the trial of this earlier matter Mr. Henican testified that the proper name for the plaintiff in that action was Olympia Company, Inc. not Olympia Roofing Company, Inc. Subsequently, that suit was dismissed for failure to name the proper party plaintiff. Appellants herein contend that the dismissal in the earlier suit against the City was due to Mr. Henican’s allegedly false testimony regarding the correct name of Olympia. Rather than cure the relatively minor defect in the prior suit by amending the petition or appealing the judgment of dismissal, appellants instead filed suit in 1977 against Mr. Henican. With the exception of four amending petitions the 1977 suit remained inactive for seven years until Mr. Henican filed a Motion for Summary Judgment in 1984. The Judge referred the Motion to the merits and set the case for trial before a Commissioner on March 15, 1985. Prior to this trial date appellants filed a second suit attempting to revive its previously dismissed claims against the City and the UPT. The 1985 suit also realleged the claims against Mr. Henican as an alternative to recovery from the City and the UPT.
Both suits were apparently consolidated and in March, 1987 Mr. Henican re-urged his previously filed Motion for Summary Judgment. The Motion was heard in April, 1987 before a Commissioner. The Commissioner recommended granting the Motion which recommendation was adopted by the District Court on May 1, 1987. The judgment was amended, due to an apparent clerical error, to reflect that the dismissal of appellants’ claims against Mr. Henican was effective as to both the 1977 and 1985 suits, as consolidated. Appellants’ Motion for a New Trial was denied and this appeal followed,
LAW
Louisiana Code of Civil Procedure Article 966(B) provides' in pertinent part, as follows:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (emphasis added)
It is well settled that summary judgment should only be granted when reasonable minds must inevitably concur that there exist no genuine issues of material fact. Whitney v. Maltet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ den 445 So.2d 437. All reasonable doubts as to the propriety of the summary judgment are to be resolved against granting the motion and in favor of trial on the merits. American Bank & Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984); Otter v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984). In considering the motion the trial court should look to the pleadings, depositions and other documents of record to determine the existence of a genuine issue of material fact. Otter v. Sharp Electric, Inc., supra; Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984). Additionally, it has been held that one purpose of the summary judgment is to dispose of frivolous claims. Schaefer v. Lynch, 406 So.2d 185 (La.1981). Although summary judgments are not generally favored we have reviewed few, if any, cases more deserving of summary disposition than the case at bar.
After sifting through appellants’ “brief” and separating out the primarily superfluous and purely vindictive statements it is abundantly clear that the only material fact in this lawsuit concerns Mr. Henican’s testimony at the 1976 trial. Although appellants set out many other sup *18 posedly material facts, it is solely the allegedly false testimony of the attorney that forms the entire basis for the case before this court.
William J. Manion, who is not only appellants’ attorney, but, also the President of Olympia Company, Inc. testified unequivocally that as President of Olympia Company he had no quarrel with the way in which Mr. Henican or his law firm handled Olympia’s corporate affairs. Manion testified further- that the sole basis of the instant law suit was Mr. Henican’s testimony at trial in 1976. (Manion deposition at pp. 30-31, 33, 34 and 45-46).
Thus, the sole material fact concerns the content of that testimony. The only question before us, then, for purposes of determining the propriety of granting the summary judgment' is whether this genuine issue was in dispute. We find that it was not.
We do not have the transcript from the 1976 trial before us. This is apparently due to Mr. Henican’s failure to timely request same following the trial. The record before us, however, contains sufficient evidence of Mr. Henican’s testimony at that trial. As noted above, Mr. Manion testified in deposition that at the 1976 trial Mr. Henican testified that the proper party plaintiff to the earlier lawsuit was Olympia Company Inc. and not Olympia Roofing Company, Inc. Moreover, Mr. Henican does not dispute that this was the content of his 1976 testimony. Clearly, then, the actual content of Mr. Henican’s testimony is not in dispute and therefore is not an issue of material fact. Similarly, the record supports the finding that the veracity of Mr. Henican’s testimony is likewise not in dispute.
The record contains copies of the annual reports of “Olympia Company Inc.” encompassing the years 1972-1982. These reports were filed with the Secretary of State and signed by Mr. Manion. Moreover, Mr. Manion testified regarding the name change in 1969 from Olympia Roofing to “Olympia Company, Inc.” and the fact that the name was still “Olympia Company, Inc.” at the time of Mr. Henican’s testimony. Mr. Manion specifically testified at pp. 31-32 of his deposition, as follows:
“Q. Let me ask you this. You filed with the court an affidavit. It was filed May 25, 1978, and the affidavit is four pages signed by you and dated May 24, 1978. Is this, in fact, your signature?
A. That’s my signature.
Q. And in that affidavit you appear to state that subsequent to the name change of the company March 27, 1969, that’s when it was changed to Olympia Company, Inc.?
A. Yes.
Q. There were discussions about changing the name back to Olympia Roofing Company, Inc.
A. No question about that.
Q. But to your knowledge that was never done?
A. Never done.
Q. And you knew that was never done?
A. I had never been informed. I never signed any papers to that effect.
Q. Had the name of the company ever been changed before without you signing it?
A. No. I have said that I have no quarrel with that.”
Thus, it is clear that Mr. Henican testified truthfully and accurately about the status of Olympia at the 1976 trial. Accordingly, we find there is no genuine issue of material fact and therefore, summary judgment was proper.
DAMAGES FOR FRIVOLOUS APPEAL
Appellees request that we award damages and costs as sanctions against appellants for filing a frivolous appeal. Louisiana Code of Civil Procedure Article 2164 provides:
“The appellate court shall render any judgment which is just, legal and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
*19 In Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634, 637 (1965) the court held:
“[W]hen counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so oppossed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.”
See also, Rodgers v. D’Hubin, 498 So.2d 253 (La.App. 1st Cir.1986.) The instant appeal presents just such a case.
Mr. Manion and Olympia are no strangers to the frivolous appeal. In Olympia Co. Inc. v. Celotex Corp., 771 F.2d 888, 893 (5th Cir.1985) the court found that Celotex was entitled to damages for frivolous appeal and stated:
“Olympia’s appellate counsel has made virtually no effort to point to evidence raising a genuine issue of material fact. His [Manion’s] rambling briefs include citations to affidavits in the record which have little to do with the issues in this case, and which are unaccompanied by any explanation of what relevant evidence the cited affidavits supposedly contain.
“Olympia’s appellate counsel’s main concern appears to be the possibility of succeeding in a future malpractice action against one of Olympia’s prior attorneys.
******
“Many, if not most, of Olympia’s arguments are ... puzzling and exasperating. We are hard pressed to imagine a more meritless, vexatious or unreasonable appeal.” (emphasis added)
What was difficult to imagine for our Bretheren on the Federal Bench has now come to pass.
As in Celotex the record before us contains rambling briefs and unsupported allegations. Once again, Mr. Manion’s chief concern appears to be laying the groundwork for some future malpractice action against one of Olympia’s prior attorneys, Mr. Henican.
There is no dispute over the content of Mr. Henican’s prior testimony. There is no evidence to support a dispute over the veracity of that testimony. Yet, despite the overwhelming evidence, including Mr. Man-ion’s own testimony, appellants put forth paragraph after paragraph of meaningless and irrelevant allegations in a clear attempt to cloud the issues. Therefore because there is no evidence and law in dispute, this appeal is frivolous; entitling the appellees to damages for a new appeal.
Accordingly, we affirm the judgment of the trial court and award $2,500.00 as damages plus costs of this appeal.
AFFIRMED.