688 So.2d 199 (1997)
F.A. RICHARD AND ASSOCIATES, INC.
v.
GENERAL MARINE CATERING CO., INC.
No. 96-C-1902.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
*200 Charles F. Lozes, John A. Scialdone, Terriberry, Carroll & Yancey, L.L.P., New Orleans, for Relator.
Elizabeth A. Alston, Maria Garcia Marks, Alston Law Firm, New Orleans, for Respondent.
Before CIACCIO, LOBRANO and JONES, JJ.
JONES, Judge.
Relator, the Steamship Mutual Underwriting Association, Inc., seeks review of the trial court's ruling denying its motion to stay and compel arbitration.
Plaintiff, F.A. Richard and Associates, Inc., instituted the present suit against General Marine Catering Co., Inc. to recover fees owed for claims adjusting services provided to General Marine. Plaintiff filed a supplemental and amending petition naming General Marine's insurers as defendants, i.e., The Steamship Mutual Underwriting Association (Bermuda) Limited, Homestead Insurance Company, and Lloyd's Underwriters at London. Plaintiff also named three corporate officers of General Marine as defendants. Subsequently, General Marine filed a cross claim against Steamship Mutual in which General Marine sought indemnity for any sums claimed by F.A. Richard, together with a separate and additional claim for $263,694.21 for alleged unpaid claims.
Steamship Mutual responded by filing exceptions of lack of personal jurisdiction, prematurity and no right of action to F.A. Richard's petition for damages. Steamship Mutual also filed exceptions of lack of personal jurisdiction, insufficiency of citation and service of process, no cause of action, *201 no right of action, and prematurity as to the cross claim asserted by General Marine. On December 16, 1994, the trial court denied exceptions filed in regards to F.A. Richard's petition. Steamship Mutual also filed a motion to remove the action to Federal Court. The motion to remove was granted; however, the matter was remanded back to state court on motions of F.A. Richard and General Marine. After the case was remanded, F.A. Richard dismissed its claims against Steamship Mutual on February 30, 1996.
On June 12, 1996, Steamship Mutual filed a motion to compel arbitration and stay the proceedings in regards to the cross claim filed by General Marine. Steamship Mutual argued that under the contract of insurance, General Marine was required to arbitrate any disputes between itself and Steamship Mutual prior to filing suit. On August 5, 1996, the trial court denied Steamship Mutual's motion. The trial court concluded
[A]ttending arbitration in London would work a financial hardship on General Marine;... the claims sought to be submitted to arbitration by Steamship are related to claims by other parties in this litigation which are not subject to arbitration; ... the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq., does not supersede the provisions of the Louisiana Insurance Code at La. R.S. 22:629, which prohibits enforcement of provisions in an insurance contract which would divest the courts of this state of the jurisdiction of an action between an insured and an insurer.
Steamship Mutual filed this application for supervisory writs seeking review of the trial court's ruling. Defendant Homestead Insurance Company filed an opposition to the writ application.
In its writ application, Steamship Mutual argues that the trial court erred when it denied the motion to stay and to compel arbitration. The contract of insurance between General Marine and Steamship Mutual requires arbitration of any disputes between Steamship Mutual and its members/insureds. Rule 36 of the Class 1 P & I Rules provides:
If any difference or dispute shall arise between a Member and the Club concerning the construction of these Rules or of the Rules applicable to any Class in the Club or any Bye-Law passed thereunder, or the insurance afforded by the Club under these Rules, or any amount due from the Club to the Member, such difference or dispute shall in the first instance be referred to an adjudicated by the Directors.
If the Member does not accept the decision of the Directors the difference or dispute shall be referred to the arbitration of two arbitrators, one to be appointed by each of the parties, in London, and the submission to arbitration and all the proceedings therein shall be subject to the provisions of the English Arbitration Act, 1950 and the Schedules thereto or any statutory modification or re-enactment thereof.
No Member shall be entitled to maintain any action, suit or other legal proceedings against the Club upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereon, or shall have made default for three months in so doing; and, if such decision be not accepted by the Member or such default be made, unless and until the difference or dispute shall have been referred to arbitration in the manner provided in this Rule, and the Award shall have been published; and then only for such sum as the Award may direct to be paid by the Club. And the sole obligation of the Club to the Member under these Rules or otherwise howsoever in respect of any disputed claim made by the Member shall be to pay such sum as may be directed by such an Award.
These Rules and any Contract of Insurance between the Club and a Member shall be governed by and construed in accordance with English Law.
Steamship Mutual contends that under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et seq., the trial court is required to give cognizance to the arbitration agreement and mandate that the parties submit to arbitration. *202 Both the United Kingdom and the United States are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 3 U.S.T. 2517, T.I.A.S. No. 6957, 330 U.N.T.S. 38 [1970], republished as a note following 9 U.S.C. § 201. In Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co., 767 F.2d 1140 (5th Cir.1985), the Fifth Circuit discussed the adoption of the Convention by the United States and its application in light of other conflicting rules of law.
The Convention was negotiated pursuant to the Constitution's Treaty power. Congress then adopted enabling legislation to make the Convention the highest law of the land. As such, the Convention must be enforced according to its terms over all prior inconsistent rules of law.
Congress' implementing legislation for the Convention is found as part of the Arbitration Act. 9 U.S.C. § 1 et seq. Chapter 1 of Title 9 is the Federal Arbitration Act passed long ago to overcome American courts' common law hostility to the arbitration of disputes. Chapter 2 of Title 9 is devoted entirely to the Convention and Congress' enabling legislation. Thus, § 201 provides that the Convention `shall be enforced' by United States courts. In substance, the Convention replicates the Federal Arbitration Act. Indeed, § 208 of the enabling legislation for the Convention incorporates all of the Convention into Chapter 1 of Title 9. But while the Convention requires courts of the United States to enforce arbitration clauses along lines similar to those specified in the Arbitration Act, its reach is broader than the Arbitration Act. Both the Arbitration Act and the Convention provide that if a dispute in a pending lawsuit is subject to arbitration, the district court `shall on application of one of the parties stay the trial of the action until such arbitration has been had.' [See 9 U.S.C. § 3] ... § 206 of the enabling legislation for the Convention also authorizes district courts to order parties to proceed with a Convention arbitration even outside the United States.
Sedco, Inc., at 1145-1146.
In 1984, the United States Supreme Court held the Federal Arbitration Act preempts state law and concluded that state courts cannot apply state statutes which invalidate arbitration agreements. Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The Court reaffirmed its decision regarding the Federal Arbitration Act's preemption of state law in Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) and Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Thus, the Convention, which encompasses Chapter 2 of Title 9, the Federal Arbitration Act, preempts any state law which would invalidate arbitration agreements. The trial court's finding otherwise is erroneous.
The Convention contemplates a limited inquiry by courts when considering a motion to compel arbitration: (1) is there an agreement in writing to arbitrate the dispute; in other words, is the arbitration agreement broad or narrow; (2) does the agreement provide for arbitration in the territory of a Convention signatory; (3) does the agreement to arbitrate arise out of a commercial legal relationship; and (4) is a party to the agreement not an American citizen. If these requirements are met, the Convention requires the courts to order arbitration. Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co., 767 F.2d 1140, 1144-1145 (5th Cir.1985); Ledee v. Ceramiche Ragno, 684 F.2d 184, 185-186 (1st Cir.1982). As a general rule, whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration. United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
In the present case, the trial court should have granted the motion to compel arbitration as all four criteria set forth in Sedco, Inc. have been met. There is an agreement in writing to arbitrate the dispute in question. Rule 36 of the insurance agreement provides for the arbitration of any disputes between the Club and the Member concerning "any amount due from the Club to the Member." General Marine's cross *203 claim seeks recovery of any amounts paid to F.A. Richard which Steamship Mutual was required to pay under the contract of insurance. The arbitration agreement further provides for arbitration in London. Both the United Kingdom and the United States are signatories to the Convention. The agreement also arises out of a commercial legal relationship. General Marine contracted with Steamship Mutual to provide maritime insurance. Further, Steamship Mutual is not an American citizen.
The trial court's denial of the motion to compel arbitration on the basis that the claims sought to be submitted to arbitration by Steamship are related to claims by other parties in this litigation which are not subject to arbitration is also erroneous. The United States Supreme Court in Dean Witter Reynolds v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), rejected the intertwining doctrine which limited arbitration which would affect claims not involved in the arbitration process. The doctrine had been used to avoid piecemeal adjudication of disputes. The Court stated:
[T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even when the result would be the possible inefficient maintenance of separate proceedings in different forums.... By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.

Dean Witter Reynolds, 470 U.S at 213, 105 S.Ct. at 1238-1239.
Thus, the fact that the litigation involves the claims of several other parties does not preclude arbitration. In addition, it should be noted that the matters to be arbitrated pertain only to the amount of money allegedly owed by Steamship Mutual to General Marine as reimbursement for payments made by General Marine to F.A. Richard. These claims involve only Steamship Mutual and General Marine.
For the foregoing reasons, Steamship Mutual's writ application is granted and the trial court's ruling reversed. The matter is remanded to the trial court for the issuance of an order compelling arbitration.
WRIT GRANTED; REVERSED AND REMANDED.