[ iWOODARD, Judge.
American Honda Motor Co., Inc., Honda Motor Co., Ltd., Honda R & D Co., Ltd., and Honda Yamaha of Eunice, Inc. (Honda) appeal from a judgment of the trial court, in favor of Dennis Brown and Diana Brown (Brown), assessing costs of court for deposition and expert witness costs against Honda in the amount of $25,271.96 and court costs. The judgment requires that these amounts be paid prior to the second trial of the matter. We affirm.
FACTS
On November 14-18,1994, this matter was tried before a jury which returned a unanimous verdict in favor of Honda on all issues. On February 10, 1995, the trial court heard Brown’s Motion for a New Trial. On May 30, 1995, the trial court granted Brown’s Motion for a New Trial and ruled that Honda would be cast for costs and that the amount would be determined following a hearing.
|2In the trial court’s reasons for granting a new trial, it found that the conduct of Honda’s counsel, in abusing the discovery process and making misrepresentations to the court, had resulted in an unfair trial for the plaintiffs. The court stated, in part, in its Reasons for Judgment:
In this ease, however, there was more than the usual acrimony among all counsel, beginning with the pre-trial motion to compel discovery between counsel for the plaintiffs and counsel for defendants, and continuing with the resistance to a continuance by both parties and the motions for sanctions brought by counsel for third party defendants against counsel for defendants. The court actually heard testimony on the motion for sanctions and had made a credibility determination against the defendants’ counsel, when the attorneys reached an agreement and the motion was withdrawn.
The court mentions the agreements and conduct between the attorneys to make a point. There is a difference between the business among attorneys and the business of the court. The court is not to be treated like an opponent, given only half truths and glib evasions. When the court asks an attorney to describe the nature of the testimony being offered and opposed, the attorney cannot fail to accurately describe that testimony to the court or state valid grounds for refusing the description.
Here, the court’s decision was necessarily dependent on information to be provided by the attorneys. The attorneys for defendants failed to adequately and accurately respond. The decision at issue involves a question of fundamental fairness to the litigants, just as the error with the test manual production involved a question of fairness. The plaintiffs did not have adequate notice or time to prepare against the testimony presented by McCarthy, just as they did not have the documents they requested. If the Court had known the true character of the testimony at issue, the testimony would not have been allowed, just as something else might have been done, if the correct documents had been produced.
(Emphasis added.) The judgment was signed on June 23,1995.
The Browns filed a Motion to Set Costs of the first trial. Subsequently, on July 28, 1995, they filed a Supplemental Motion to Set Costs and for Resetting of Motion to Set Costs. Honda filed oppositions to plaintiffs *1236 Motions to Set Fees (sic) and to Set Costs on March 15,1996 and on May 16,1996, respectively. A hearing was held on May 21,1996, concerning the taxing of costs. At the hearing, the trial court asked counsel for the Browns to forward to her correspondence in which they were to itemize the costs sought by their motion and asked Honda’s counsel to submit to the court the Fee Schedule of Dr. Leighton E. Sissom, the expert employed by the Browns in ¡^preparing post-trial pleadings in this ease, in order to assist the court in determining the reasonableness of the hourly rates charged by the Brown’s expert, David Renfroe. Both parties complied.
On September 12,1996, the court rendered its written Reasons for Judgment, establishing the amount of the costs that were taxed against Honda, but did not sign the judgment at that time. On September 27,1996, Honda filed a Motion to Modify Reasons for Judgment Regarding Taxing of Costs. It requested that the trial court explain with more specificity the amount of costs which were awarded for each expense, the basis for each and the reasons for each award of costs. On October 29,1996, the trial court rendered written Modified Reasons for Judgment, and on October 30, 1996, both parties submitted proposed judgments. In their judgment, the Browns sought court costs in addition to the previously awarded $25, 271.96. On November 20, 1996, the trial court advised Honda’s counsel that it intended to issue Supplemental Reasons for Judgment which would award court costs plus the $25,271.96 already awarded and would allow the parties to depose the Clerk of Court concerning the court costs.
Honda filed an Application for Supervisory Writs concerning these issues on November 27, 1996. Subsequently, this court denied the writs, stating that a “judgment awarding court costs against defendants is a separately appealable judgment” in the circumstances of this case. On February 12, 1997, the trial court issued its Judgment, as below:
Depositions
Dori Ard, Court Reporter/Dr. Paul Guillory $ 35.00
Dori Ard, Court Reporter/Dr. Naalbandian 44.90
Assoc. Reporters/Dr. Stephen Flood 1,017.56
Videotaped deposition of Dr. Flood 462.00
Total $ 1,559.46
Expert Witness Fees (other than Dr. Renfroe)
Dr. Nelson $ 350.00
Dr. Ken Johnson 500.00
Dr. Stephen Flood 2,100.00
Dr. Arsham Naalbandian 400.00
Total $ 3,350.00
JjDb. Renfroe’s Expert Witness Fees
Travel $ 2,420.00
Project Plan 1,200.00
Case Review 350.00
Discovery/Dep Review 1,000.00
Deposition Preparation 2,950.00
Research 677.50
Test Preparation 2,065.00
Trial Preparation 7,700.00
Trial Testimony 2,000.00
Total $20,362.50
Grand Total $25,271.96
*1237 From this judgment, Honda suspensively appeals.
ASSIGNMENTS OF ERROR
Honda claims the following assignments of error:
1. The trial court erred in taxing against it costs in the amount of $25,271.96 plus court costs, and
2. The trial court erred in ruling that this total amount was to be paid prior to the second trial in this case.
LAW
$25,271.96 and Court Costs
This is not a normal case in which an appellate court is asked to review the trial court’s decision in awarding costs. This is a case involving the gross misconduct of Honda’s counsel in the trial court, which he does not refute, conduct which resulted in an unfair trial for the plaintiffs, the necessity for a new trial, delayed resolution of the issues in this case, extraordinary costs to the plaintiffs, grave inconvenience to all the witnesses involved, and the wasting of scarce judicial resources to rehear this matter.
In a “normal” case in which we would be reviewing a trial court’s exercise of discretion in awarding costs, La.Code Civ.P. art. 1920, the trial court’s authority for taxing costs, would apply. It states in pertinent part:
| &Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
(Emphasis added). La.R.S. 13:4533 gives further guidance for taxing specific costs and must be read in pari materia with Article 1920. La.R.S. 13:4533 allows for the taxing of costs of the clerk, sheriff, witness’ fees, depositions, copies of acts used on the trial, and any other costs allowed by the court.
Partially at issue in the case sub judice is whether costs of depositions, not used at the trial, can be assessed against Honda. Clearly, under La.R.S. 13:4533 and Boutte v. Nissan Motor Corp., 94-1470 (La.App. 3 Cir. 9/13/95); 663 So.2d 154, they cannot. However, it is quite obvious that the trial court, in awarding costs to the Browns, that included the costs of depositions which were not used at trial and which are normally not recoverable, intended the award of costs to be a sanction for the misconduct of Honda’s counsel in the trial and the damage it caused to the Browns. The trial court was obviously motivated by the equities of this situation and the clear injustice that would result to the Browns by permitting Honda to totally escape liability for its counsel’s nefarious conduct in the trial court.
We agree that in this situation, equitable considerations of justice and fundamental fairness to the party who has been damaged by the wrongdoing of an opposing attorney is of prime concern. Further, the trial and appellate courts of this state aré too busy to have their time wasted having to rehear matters that, but for counsel’s misconduct, would have been resolved in a timely and fair fashion. While Article 1920 does not provide authority for the cost assessments in toto which the trial court made, we have authority to assess those costs under La.Code Civ.P. art. 2164. La.Code Civ.P. art. 2164 states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
(Emphasis added).
In Hampton v. Greenfield, 618 So.2d 859, 865 (La.1993), Justice Ortique, in concurring in part and dissenting in part from the court’s opinion, refusing to uphold sanctions awarded as damages for a frivolous appeal under La.Code Civ.P. art. 2164, |6said “[u]n-der LSA-C.C.P. art. 2164, the courts of appeal have the inherent power to fashion and impose sanctions. This power is incident to the court’s duty to protect the judicial process.” See also Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).
*1238 In the past, the sanction of costs under La.Code Civ.P. art. 2164 for misconduct of counsel arose most often in the context of a frivolous appeal having been taken. See generally, Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991); Olympia Roofing Co., Inc. v. Henican, 534 So.2d 16 (La.App. 4 Cir.1988), writ denied, 537 So.2d 1171 (La.1989), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989). Notwithstanding, we do not read La.Code Civ.P. art. 2164 so narrowly as to exclude all other possibilities. Rather, in view of its first sentence and the latter part of the second sentence, we may also fashion and impose costs upon a lawyer who has abused the judicial process and thwarted fairness. In Barker v. Allen Canning Co., 95-252 (La.App. 3 Cir. 10/4/95); 663 So.2d 320, 322, writ denied, 95-2688 (La.1/12/96); 666 So.2d 323, we said “[a]n appellate court may assess costs as in its judgment may be considered equitable and may tax the costs of the lower or appellate court, or any part thereof, against any part to the suit, as in its judgment may be considered equitable. La.Code Civ.P.art. 2164; Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3 Cir.1976).” (Emphasis added.) The equities of this situation he completely with the Browns, who will now have to go through another trial, solely because of the misconduct of Honda’s counsel.
The trial court’s awards of costs to the Browns in the amount of $25, 271.96 and court costs are affirmed.
This assignment of error is without any merit.
Payment Before the Second Tkial
Without citation to any legal authority, Honda argues that this court should reverse the trial court and order it to refrain from considering whether these costs are taxable against Honda until the conclusion of the second trial and that it should not have to pay these costs now, as Brown may have to return these sums to Honda if it prevails in the second trial.
The obvious problem with Honda’s argument is that there may never be a second trial. The trial court’s decision is a final judgment. Because of the position in 17which Honda has improperly placed the Browns, they may not have the means or inclination to proceed, incurring compounded costs, and may be forced to settle or drop their suit. Honda’s counsel is an officer of the court who, instead of respecting that position and the duty that it embodies, took unfair advantage of the court and his opponent in order to win. Honda cannot be permitted to benefit from such foul play. Likewise, it must suffer the ill fated consequences of its actions. It has provided this court with no authority or sensible reason why the ones it took advantage of and caused so much harm to should now be the ones to bear the burden of its wrongdoing, for any amount of time, by putting out additional costs they would not, otherwise, have had to pay until there is another decision.
This assignment of error is without merit.
CONCLUSION
In all respects, the trial court’s judgment is affirmed by reason of the misconduct of Honda’s counsel in the trial court. The costs of the appeal are assessed against Honda.
AFFIRMED.