I THIBODEAUX, Judge.
This appeal involves a dispute between Cajun Contractors, Inc. (hereinafter “Cajun”) and Lafayette City-Parish Consolidat *589 ed Government — Lafayette Utilities Systems (hereinafter “LUS”) regarding delay damages associated with the construction of improvements to a water treatment plant. Pursuant to the provisions of a contract between the parties, Cajun requested that LUS submit the matter to arbitration to resolve the dispute. LUS refused to enter arbitration, asserting that the 12arbitration provision in the construction contract was invalid and nonbinding as between the parties.
Cajun subsequently filed a petition to enforce arbitration against LUS. After a hearing on the matter, the trial court entered judgment in favor of Cajun compelling both parties to submit their contractual claims and disputes to arbitration. It also awarded $250.00 in attorney fees to Cajun. From this judgment, LUS appeals. Cajun answers the appeal and requests damages against LUS for filing a frivolous appeal.
Based on the following reasons, we affirm the judgment requiring Cajun and LUS to arbitrate and reverse the award of attorney fees. We further conclude that this is a frivolous appeal filed by LUS. We, therefore, assess attorney fees against LUS in favor of Cajun in the amount of $5,000.00 and award damages against LUS and remand to the district court for a hearing on the appropriate amount of damages.
I.

ISSUES

We shall consider:
1. whether the trial court erred in determining that the arbitration clause in the construction contract was valid and enforceable, in light of La.R.S. 38:2217 and La.R.S. 38:2243;
2. whether the trial- court erred in finding that the arbitration clause in the construction contract mandated the arbitration of claims for “sums due under the contract,” as well as, the arbitration of claims for “damages;”
3. whether the trial court erred in its assessment of attorney fees against LUS; and
4. whether the appeal of LUS is a frivolous one and, if so, the appropriate sanctions and damages for filing this frivolous appeal.
J3II.
FACTS ’
On October 16, 1993, Cajun entered into a construction contract with LUS for the purpose of constructing improvements to a municipal water treatment plant. The contract was drafted by LUS and signed by Jerome Ducote, on behalf of Cajun, and by Mayor Kenny Brown, on behalf of the City of Lafayette.
After construction had commenced, a dispute arose between Cajun and LUS as to delay damages associated with the construction project. Cajun asserted that LUS and its engineers were solely accountable for the delays in construction and that Cajun was entitled to additional compensation for increased costs which resulted from such delays. Conversely, LUS alleged that Cajun and its subcontractors were primarily responsible for the deláys and that delay damages should be assessed against Cajun and withheld therefrom.
In light of the dispute over construction delays and in accordance with the arbitration clause of the construction contract, Cajun requested that LUS agree to submit the dispute to binding arbitration. LUS rejected Cajun’s request for arbitration and asserted that the arbitration clause was invalid and unenforceable under La.R.S. 38:2217 and 38:2243. Thereafter, Cajun filed a petition to enforce arbitration against LUS. On September 22, 1997, after reviewing the matter, the trial court granted judgment in favor of Cajun and ordered both parties to submit to arbitration for the resolution of their dispute over construction delays and related damages.
J4IIL

LAW & DISCUSSION

The Validity of the Arbitration Clause
LUS contends that the arbitration clause of the construction contract is contrary to the statutory intent and purpose of *590 La.R.S. 38:2217 and 38:2243. The clause is, thereby, invalid and unenforceable as between the two parties, LUS and Cajun. Specifically, LUS alleges that the arbitration clause does not provide either party with the authority to select or name the arbitrator(s) in accordance with La.R.S. 38:2217 and that such an omission must be judicially redressed. The defendant argues that an order requiring binding arbitration, in light of the alleged omission in the-clause, would constitute a denial of its nonwaiveable right of judicial review under La.R.S. 38:2217.
Further, LUS asserts that the arbitration clause is violative of La.R.S. 38:2243 because the clause inhibits the statutory provisions which mandate that a public body must file a concursus proceeding to adjudicate the claims of its lien claimants. Thus, it argues that neither LUS nor Cajun should be ordered to submit to binding arbitration. We disagree and find that the arguments of LUS lack merit.
The arbitration clause of the construction contract between Cajun and LUS reads as follows:

ARTICLE 12 DAMAGES

Any claim for damages arising under the Contract shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or material, and shall be adjusted by agreement or arbitration insofar as allowed by law. (Any damages to public or private property shall be immediately reported by the Contractor to the Owner or its assigned representative and to the owners of said property).
| sBased on our interpretation of this provision, any damages claim arising during the course of construction are to be resolved within a reasonable period after initial notice thereof, but prior to final payment. The clause further provides that in the event of a claim for damages, such a claim shall be resolved either by arbitration or by agreement between the parties.
Louisiana jurisprudence holds that “[a]ny contract entered into for the construction of a public work which is contrary to the provisions of La.R.S. 38:2211 through 38:2225 shall be null and void.” Bristol Steel & Iron Works, Inc. v. State, DOTD, 504 So.2d 941, 945 (La.App. 1 Cir.), reversed on other grounds, 507 So.2d 1233, 1236 (La.1987). Louisiana Revised Statute 38:2243, which governs petitions filed by authorities against contractors, provides:
A. If at the expiration of the forty-five days any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of' the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims. If the governing authority fails to file the proceeding any claimant may do so.
B. All the' claims shall be tried in con-eursus and the claims of the claimants shall be paid in preference to the claims of the public entity.
Moreover, La.R.S. 38:2217, which governs independent arbitration and a party’s right to judicial review, states:
In all public building, construction or other contracts which do not provide the right to independent arbitration with both parties having equal authority in selection of the arbitrator or arbitrators, the right of each party to such contract to judicial review of and redress for any action, determination or interpretation made under or with respect to such contract shall not be denied. In any such judicial action, no prior nonjudicial decision, determination or interpretation shall have any binding or conclusive or presumptive effect, nor shall there be any limitation upon the evidence which may be introduced in such action except the limitations arising out of the application of the rules of evidence applicable in courts of this state. ‘ The provisions of this Section may not be waived.
16We find that the factual circumstances of this suit are analogous to those found in our unpublished writ opinion in H & S Construction Co., Inc. v. Lafayette City-Parish Consolidated Government, W97-1137 (La.App. 3 Cir. 9/15/97). Generally, an un *591 published opinion should “not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, [nor should it be cited or used as precedent by courts in subsequent cases], except in continuing or related litigation.” Roberts v. Sewerage & Water Board of New Orleans, 92-2048, p. 14 (La.3/21/94); 634 So.2d 341, 349, citing Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.3.
This suit is substantially intertwined with and related to H & S Construction. Both suits involved the same party-defendant, LUS, as well as the indistinguishable issue regarding the arbitration/damages clause. LUS has utilized the same legal counsel to litigate identical issues in both suits. Because the two suits constitute related litigation, we determine that the unpublished writ opinion in H & S Construction can be cited to and used as precedent in this subsequent suit. See Roberts, 634 So.2d 341.
In H & S Construction, the plaintiff-realtor was awarded a construction contract by the defendant (LUS), and a damages dispute subsequently arose between the two parties. Pursuant to an arbitration clause in the contract, the plaintiff filed a petition to enforce arbitration against LUS. The defendant argued that the arbitration clause was invalid and not binding under La.R.S. 38:2217. The trial court granted judgment in favor of the plaintiff and ordered the parties to submit their claims to binding arbitration. Shortly thereafter, the trial court granted the defendant’s motion for new trial and reversed its previous judgment, concluding that La.R.S. 38:2217 invalidated the arbitration clause of the construction contract.
17Upon the plaintiffs application for supervisory writs before this court, we granted review of the merits of the matter. After considering the record, we determined that La.R.S. 38:2217 did not invalidate the arbitration clause. We reasoned that La.R.S. 38:2217 merely prohibits the denial and/or contractual waiver of the right of judicial review in a public construction contract which is void of language providing the right of independent arbitration with both parties having equal authority in the selection of the arbitrator(s). We concluded that the statute should not be construed to mean that an arbitration clause in a public construction contract must contain specific language providing the right of independent arbitration to both parties with equal authority to select the arbitrator(s). The inclusion of such specific language was not mandatory for the arbitration clause to be valid and enforceable. This court reversed and set aside the decision of the trial court and reinstated the original trial court judgment enforcing arbitration.
Similarly, this suit involves a dispute over the identical arbitration clause. After reviewing the record, we find that the arbitration clause was not invalidated by La.R.S. 38:2217. As discussed above, La.R.S. 38:2217 does not mandatorily require parties which enter into a public construction contract to create an arbitration clause which sets forth explicit provisions governing independent arbitration and the procedures for selecting arbitrator(s). There is no statutory requirement that the provisions of an arbitration clause must specifically delineate the procedures for the arbitration process for the arbitration clause to be valid and enforceable. We interpret La.R.S. 38:2217 as providing only a means of protection for a party’s right to seek judicial review or redress pertaining to actions stemming from a public construction contract, absent an expressed contractual clause providing for arbitration.
Also, counter to the defendant’s assertion, we find that the arbitration clause does not interfere with the defendant’s fight to seek judicial review. “In all 18public construction contracts not subject to arbitration, each party to such contract is entitled to judicial review of or redress for any action, determination or interpretation with respect to such contract.” Bristol Steel & Iron Works, Inc., 504 So.2d at 945. The right to seek judicial review under such circumstances is not subject to a contractual waiver. See La.R.S. 38:2217.
The contract between LUS and Cajun provided two methods of alternative dispute resolution: 1) mutual agreement between the parties, or 2) arbitration. Pursuant to their contractual agreement, both parties agreed that any dispute regarding damages would *592 be subject to resolution by either arbitration or mutual agreement. We find no language within the contract evidencing an intent to prohibit or waive a party’s right to judicial review.
Additionally, we determine that a concursus proceeding, in accordance with La. R.S. 38:2243, was unnecessary because the plaintiff did not file a lien and his claim does not involve an issue of entitlement to certain funds among competing lien claimants. See S.K. Whitty & Co., Inc. v. Laurence L. Lambert & Associates, 632 So.2d 364 (La.App. 4 Cir.1993), writ denied, 94-0966 (La.6/3/94); 637 So.2d 506. Rather, pursuant to the terms of the contract, Cajun appropriately filed a petition to enforce arbitration against the defendant.
Alternatively, the defendant incorrectly argues that the arbitration clause is inapplicable to the plaintiffs claim because the relief sought by the plaintiff is additional compensation for work performed, as opposed to damages arising from construction. The record, however, demonstrates that the crux of the plaintiffs claim involves a dispute over delay damages which were occasioned during the course of the construction project. We find that the plaintiffs claim falls squarely within the type of action for which the arbitration clause was intended to address.
19Therefore, we conclude that the language in the arbitration clause was consistent with the.statutory intent and provisions of La.R.S. 38:2217 and 38:2243. Such language did not waive or inhibit the defendant’s right to judicial review. We find that the arbitration clause is valid and enforceable as between Cajun and LUS. We further conclude that all claims concerning damages which arose from the construction contract are clearly subject to and governed by the arbitration clause.
Attorney Fees
The defendant contends that the trial court erred in its assessment of attorney fees against the defendant. The defendant argues that, in the absence of contractual stipulation or statutory authorization, the trial court’s imposition of attorney fees was improper. We agree.
As a matter of law, Louisiana jurisprudence holds that attorney fees shall not be awarded to a party except where authorized by statute or contract. Benoit v. Fleet Finance, Inc., 602 So.2d 182 (La.App. 3 Cir. 1992); Steptore v. Masco Construction Co., Inc., 93-2064 (La.8/18/94); 643 So.2d 1213.
The record is void of any evidence suggesting that the parties contractually agreed to the payment of attorney fees in the case of an arbitration hearing to resolve a damages dispute. The subject arbitration clause is silent on the issue of attorney fees. Furthermore, we find no statute authorizing the award of attorney fees under the factual circumstances of this suit. The record shows that the trial court awarded attorney fees to the plaintiff when such an award was not statutorily authorized nor permitted under the terms of the parties’ contract. Under these circumstances, the plaintiff was not entitled to an award of attorney fees. Therefore, we reverse the judgment of the trial court insofar as it awards attorney fees in the amount of $250.00 to the plaintiff.
| ipFrivolous Appeal
Answering this appeal, Cajun seeks attorney fees, costs, and delay damages on the ground that this is a frivolous appeal. It contends that LUS lodged an appeal with this court, despite its knowledge of a prior Third Circuit writ opinion involving related litigation in which the identical issue had been adjudicated and resolved. Therefore, Cajun argues, damages should be imposed against LUS. We agree.
Rule 2-19 of the Uniform Rules of Louisiana Courts of Appeal states that “[t]he court may award damages for frivolous appeal in civil cases as provided by law.”
La.Code Civ.P. art. 2164, which governs damages for frivolous appeal, provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
*593 In accordance with La.Code Civ.P. art. 2164, an appellate court has the discretion to fashion and impose sanctions against a party who inhibits the fairness and equity of the judicial process by submitting a frivolous appeal thereto for judicial consideration. See Brown v. American Honda Motor Co., Inc., 97-599 (La.App. 3 Cir. 12/3/97); 704 So.2d 1234; Hampton v. Greenfield, 618 So.2d 859 (La.1993). This function of the court is essential for the efficient and equitable utilization of the judicial process. Id.
Although La.Code Civ.P. art. 2164 does not specifically delineate what damages are properly awardable for a frivolous appeal, our jurisprudence has consistently awarded attorney fees as an element of those damages. See Boulet v. Foti, 539 So.2d 843 (La.App. 3 Cir.), writ denied, 541 So.2d 841 (La.1989); Allen v. IMTC, Inc., 567 So.2d 1155 (La.App. 3 Cir.1990); State Farm Mutual Auto. Ins. Co. v. 11Callahan, 571 So.2d 852 (La.App. 3 Cir.1990), writ denied, 576 So.2d 51 (La. 1991). Furthermore, “[t]he appellate court, operating under the provisions of [La.Code Civ.P.] [a]rt. 2164, should take into account every legitimate item of damages which plaintiff has suffered by reason of the unwarranted appeal....” Boulet, 539 So.2d at 845, citing Samford v. Samford, 297 So.2d 465, 468 (La.App. 2 Cir.1974); see also Brown v. American Honda Motor Co., Inc., 704 So.2d 1234.
The record shows that LUS knew or should have known of the precedential effect of the H & S Construction decision prior to lodging the present appeal. LUS was a party-defendant in H & S Construction which, as previously discussed, involved an identical dispute about the arbitration of delay damages. A factual dispute regarding the interpretation, application, and interplay between the arbitration clause and La.K.S. 38:2217 and 38:2243 did not exist; rather, a legal question was presented which had already been resolved by this circuit. The record further shows that the trial court’s decision in this matter was consistent with our decision in H & S Construction.
We find that LUS’s appeal does 'not advance any good faith arguments for- the extension, modification, or reversal of-existing law but, rather, serves as a delay to the resolution of the damages dispute between the parties. Therefore, under La.Code Civ.P. art. 2164, we award attorney fees of $5,000.00 to Cajun for work done on appeal, along with all costs at both the trial court and appellate levels. We also award damages against LUS for the delay occasioned by this appeal in the resolution of the differences between it and Cajun. However, because the proper amount involves the development of facts that are not in this record, we remand to the trial court to determine the appropriate assessment of delay damages.
112IY.

CONCLUSION

Based on the foregoing reasons, we affirm in part and reverse in part the judgment of the trial court. We award $5,000.00 to Cajun as attorney fees for defending this frivolous appeal. We also remand to the trial court for a determination of delay damages against Lafayette City-Parish Consolidated Government — Lafayette Utilities Systems.
All costs at the trial and appellate court levels are assessed against the defendant-appellant, Lafayette City-Parish Consolidated Government — Lafayette Utilities Systems.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WOODARD, J., concurs in the result.