| iBARRY, Judge.
The Board of Commissioners of the Orleans Levee District appeals a judgment compelling arbitration of a contractual dispute. The issue is whether arbitration of a dispute involving a political subdivision of the state violates the Louisiana Constitution and the Louisiana Governmental Claims Act. E.C. Durr Heavy Equipment Company, Inc. answered the appeal to seek attorney fees. We affirm.

Facts

In May 1994 the Levee District and Durr executed a construction contract for improvements along the Orleans Parish lakefront. The Levee District prepared the contract which provided:
1.27 BOARD OF ARBITRATORS
Upon the final settlement of this contract all disputed matters which have occurred in the course of said contract and which have not been disposed of as provided for in paragraph 1.12 shall be submitted to a Board of Arbitrators; one member shall be selected by the Board, one member by the contractor, and the third member shall be selected by the former two members who shall grant a prompt hearing and decision on all disputed matters. Said decision shall be final and binding on both parties.
bA dispute arose and the Levee District refused Durr’s request to appoint an arbitrator.
*138 On July 8, 1996 Durr filed a Petition for Damages and Demand for Arbitration in the 24th Judicial District Court against the Levee District and Design Engineering, Inc., the design professional on the project. The trial court granted the Levee District’s exception of improper venue, and the action against the Levee District was transferred to Orleans District Court.
The trial court granted a motion to compel arbitration and stayed the judicial proceedings pending arbitration. The Levee District’s appeal argues that the arbitration violates the Louisiana Constitution and Louisiana Governmental Claims Act because district courts have exclusive jurisdiction of all claims against the state and its political subdivisions. Durr answered the appeal and claims attorney fees for a frivolous appeal. Analysis
The Levee District argues that the arbitration clause of the contract is invalid because Louisiana district courts have exclusive jurisdiction over a suit against the state or its political subdivision. La. Const. Art. 5, §16 (A)(2). They argue that the Louisiana Governmental Claims Act, La. R.S. 13:6101 et seq., provides the exclusive procedure to resolve a contract claim against the state and requires that suit be instituted in a state district court. Therefore, the Levee District submits that a claim cannot be adjudicated by arbitration and the arbitration clause is an absolutely nullity. That argument has no merit.
Under the Louisiana Arbitration Law, La. R.S. 9:4201 et seq., an arbitration provision “in any contract” to settle by arbitration a controversy thereafter arising out of the contract “shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.” La. R.S. 9:4201.
|3When a party petitions a court for an order directing arbitration, the court
upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue ... shall issue an order to proceed to arbitration.
La. R.S. 9:4203.
The Louisiana Constitution and statutory law do not preclude arbitration of a dispute involving a state entity. La. Const. Art. 12, §10 (A) waives immunity of a state political subdivision from suit and liability based on a contract. The Constitution allows the legislature to limit the extent of liability and directs that the legislature
shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment.
La. Const. Art. 12, § 10(B).
The Louisiana Governmental Claims Act, La. R.S. 13:5101 et seq., establishes procedural rules that apply “to any suit in contract” against the state or political subdivision. La. R.S. 13:5101(B). No suit against the state or political subdivision shall be instituted in any court other than a Louisiana state court. La. R.S. 13:5106(A). The Act’s venue provision provides that a suit against the political subdivision must be instituted in the district court of the judicial district in which the political subdivision is located or in which the cause of action arose. La. R.S. 13:5104.
Clearly, if a party files suit, that suit must be brought as provided in the Act. However, as Durr argues, the Act does not compel that a contractual dispute against the state be judicially resolved by filing suit. Arbitration is dispute resolution without resort to court action. ConAgra Poultry Co. v. Collingsworth, 30,155, p. 3 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1282. Arbitration does not involve legal jurisdiction in the same sense as a judicial proceeding. Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890, 892 (La.App. 4th Cir.), writ den. 476 So.2d 351 (La.1985). Contrary to the Levee District’s argument, the Act does not preclude resolution of a contract dispute out of court.
In Anderson v. State, 363 So.2d 728 (La.App. 2d Cir.), writ den. 364 So.2d 600 (La.1978), the plaintiffs argued that a statute which created an administrative board of review for claims involving eligibility of any person to receive additional pay from state funds violated the constitutional article vesting district courts with exclusive jurisdiction. *139 Anderson held that the constitution did not preclude administrative review.
“Original” and “exclusive” [in La. Const. Art. 5, §16] are terms regulating jurisdiction of cases as between the several courts established by the constitution. The terms do not preclude the exercise of jurisdiction by administrative agencies over matters which are not ripe for judicial action.
Anderson, 363 So.2d at 730.
Anderson further held that due process was satisfied by the availability of judicial review of the administrative decision. Anderson involved an administrative remedy rather than arbitration. However, the reasoning applies equally to this case. Parties may contract to arbitrate a dispute prior to judicial review.
The Levee District argues that the arbitration clause violates public policy, apparently because it “disregards” the Act. There is no authority to support that argument.
The Levee District is correct that the Act establishes procedural rules governing certain actions against the state and requires that a suit against the state be filed in Louisiana district court. That does not conflict with the Louisiana Arbitration Law, La. R.S. 9:4201 et seq. That a lawsuit is subject to certain limitations and rules under the Act does not restrict the right of a party (including the state) to contract for alternative dispute resolution.
IgThe Levee District argues that it will suffer prejudice because Durr’s claims against DEI (the design engineer) are not subject to arbitration and the Levee District cannot assert an incidental demand against DEI in the arbitration proceeding. The Levee District acknowledges that it can claim indemnity and contribution in a separate proceeding.
The Levee District cites no authority for that argument. In F.A. Richard & Associates, Inc. v. General Marine Catering Company, Inc., 96-1902, p. 6 (La.App. 4 Cir. 1/29/97), 688 So.2d 199, 203, cited by Durr, this Court rejected the argument that the arbitration of some claims was precluded because claims by other parties in the litigation were not subject to arbitration. That assignment has no merit.

Answer to Appeal

Durr argues it is entitled to attorney fees and costs because the Levee District’s appeal is frivolous. We reject that claim. There is no suggestion or evidence that the Levee District engaged in delay tactics or that the arguments on appeal are frivolous. Moreover, the legal question in this case was not previously resolved. Compare Cajun Contractors, Inc. v. Lafayette Consolidated Government, 98-180, pp. 6-7 (La.App. 3 Cir. 6/17/98), 715 So.2d 588, which awarded attorney fees where the defendant raised an issue that had been resolved against that defendant in another case involving the same relevant facts.
The judgment is affirmed.

AFFIRMED.