PHILIP C. CIACCIO, Judge Pro Tem.
Defendant-Relators, Debasis Mondal and Southern United Fire Insurance Company (“SUFIC”), seek this court’s supervisory jurisdiction to review the trial court’s denial of their exception of prematurity.
On April 7, 1997, Mondal was driving a vehicle insured by SUFIC that collided with a vehicle driven by Doris Reese and insured by State Farm Mutual Automobile Insurance Company (“State Farm”). State Farm paid Reese’s property damage claim and filed suit against Mondal and SUFIC pursuant to its subrogation rights. Reese also joined the suit seeking the amount she paid under her deductible. Mondal filed a reconventional demand for personal injury damages.
SUFIC filed an exception of prematurity, asserting that State Farm was required to submit its subrogation claim to arbitration as set forth in a document entitled “Automobile Physical Damage Subrogation Agreement” and administered by Arbitration Forums, Inc. This agreement, to which both SUFIC and State Farm are signatories, provides in its first article that signatory companies are bound to forego litigation and submit to arbi *1220 tration any questions or disputes that may arise from any automobile physical damage subrogation or property damage claim not in hexeess of $100,000.00. The article further provides that it does not apply to any claim not involving a signatory as a party. The trial court denied the exception of prematurity.
SUFIC argues that the trial court erred in denying the exception because the agreement to which it and State Farm are signatories requires arbitration for subrogation claims involving property damage of less than $100,-000.00. SUFIC further argues that the exception in the arbitration agreement for claims not involving signatories does not apply because Mondal’s claim for personal injury damages is separate from State Farm’s subrogation claim. In its opposition, State Farm argues that the arbitration agreement does not apply because both Mondal and Reese are non-signatories.
The defense that a plaintiff is not entitled to judicial relief because of a valid agreement to submit claims to arbitration may be raised by the exception of prematurity. Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978). As a general rule, whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration. F.A. Richard & Associates, Inc. v. General Marine Catering Co., Inc., 96-1902 (La.App. 4 Cir. 1/29/97), 688 So.2d 199.
The arbitration agreement states that it does not apply to any claim not involving a signatory as a party. State Farm apparently interprets this to mean it does not apply to claims involving non-signatories to the agreement. We interpret the agreement to provide that if signatories are parties to a claim involving ^subrogation for property damage, such a claim must be submitted to arbitration. In other words, because both State Farm and SUFIC are signatories to this agreement and both are involved as parties in this subrogation claim, then the claim must be submitted to arbitration. Furthermore, because the law favors arbitration, the clause in question should be interpreted to require arbitration of the claim between State Farm and SUFIC. Thus, we find that the trial court erred in denying SUFIC’s exception of prematurity.
We find no merit in State Farm’s argument that SUFIC did not provide sufficient proof that it was a signatory to the arbitration agreement. The proof presented by SUFIC was sufficient and State Farm did not offer any evidence to contradict this proof.
SUFIC also argues that it is entitled to attorney’s fees and costs under a clause in the arbitration agreement stating that:
Members shall always determine if the controverting party is also a member before entering into litigation on claims. If a member discovers that it has inadvertently entered litigation with another member, it must withdraw from that litigation within 30 days of notice. Failure to dismiss an action improperly placed in litigation shall subject the responsible member to payment of the other party’s reasonable court costs and the attorney’s fees expended to cause removal from litigation.
By letter dated April 27, 1998, SUFIC advised counsel for State Farm that SUFIC was a signatory to the arbitration agreement at issue and asked State Farm to dismiss its subrogation suit and submit the matter to arbitration. State Farm did not do so. The prematurity exception was then filed on October 19,1998.
|4Under the arbitration agreement, State Farm is liable for payment of SUFIC’s court costs and attorney’s fees expended to remove this case from litigation. This matter will be remanded to the trial court for a determination of the amount of attorney’s fees and costs owed by State Farm.
Accordingly, for the above reasons, we grant defendant-relators’ writ application and reverse the trial court judgment denying defendant-relators’ exception of prematurity. We remand this matter to the trial court for a determination of the amount of attorney’s fees owed by State Farm and for further proceedings consistent with this opinion.
*1221 WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; REMANDED FOR FURTHER PROCEEDINGS.